Terrence **RICHARDSON**, Petitioner

v.

**PENNSYLVANIA DEPARTMENT OF CORRECTIONS**, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 12, 2010.

Decided March 23, 2010.

Terrence Richardson, petitioner, pro se.

Debra Sue Rand, Asst. Counsel and Suzanne N. Hueston, Chief Counsel, Camp Hill, for respondent.

BEFORE: LEADBETTER, President Judge, and SIMPSON, Judge, and McCULLOUGH, Judge.

OPINION BY President Judge LEADBETTER.

Before the court are the preliminary objections in the form of a demurrer of the Pennsylvania Department of Corrections (Department) to the original jurisdiction petition for review filed *pro se* by Terrence Richardson. Richardson, an inmate at SCI–Forest, asserts that deductions made from his inmate account for restitution and costs of prosecution are improper for numerous reasons, and seeks an injunction as well as punitive damages and damages for mental pain and suffering. For the reasons that follow, we sustain the Department's preliminary objections.

For the purpose of considering the Department's preliminary objections, we take as true all of Richardson's well-pleaded material facts and any inferences reasonably deduced therefrom and determine if he has stated a cause of action as a matter of law. *Danysh v. Dep't of Corr.*, 845 A.2d

260 (Pa.Cmwlth.2004). Richardson alleges that at his sentencing, the trial judge ordered that he pay $20,093 as restitution, as well as the costs of prosecution, for which the judge did not specify an amount. The Clerk of Court later filed a "Court Commitment" form with the Department, listing the costs of prosecution as $1,525.34. From the records before us, it appears that Richardson took no appeal from any portion of his conviction or his sentence. When Richardson began serving his sentence at SCI–Forest, the Department began collecting the costs and restitution from his inmate account pursuant to Section 9728(b)(5) of the Sentencing Code, 42 Pa.C.S. § 9728(b)(5), commonly called Act 84. To date, the Department has deducted $742.19 from Richardson's account.

To these deductions, Richardson raises a number of objections. He asserts that the deductions are in violation of his right to Due Process, the doctrine of separation of powers and Act 84, and that they are being taken without a valid court order. He further claims that employees of SCI–Forest acted recklessly in making the deductions, and that their reckless actions caused him mental anguish.

■ Richardson claims that the deductions from his inmate account deprive him of Due Process because he was never afforded a hearing on his ability to pay the assessed costs and restitution. However, our Supreme Court has held that a sentencing hearing provides all the process required before deductions are made from an inmate account. *Buck v. Beard,* 583 Pa. 431, 879 A.2d 157 (2005). Richardson claims that his attorney was at fault for not informing him that his sentencing hearing served this purpose, but even if this is the case, it has no bearing on his claim that the Department has deprived him of due process. Moreover, this court is not the proper venue for an ineffective assistance of counsel claim. For these reasons, Richardson's Due Process argument has no merit.

Richardson next seemingly argues that the deductions are in violation of the separation of powers doctrine. However, this court has fully addressed this argument in the past and found no separation of powers problem with deductions from inmate accounts. *See Boyd v. Dep't of Corr.,* 831 A.2d 779 (Pa.Cmwlth.2003), *aff'd,* 584 Pa. 540, 886 A.2d 222 (2005).

■ Richardson next claims that collection of the court costs are contrary to Act 84, because the judge never articulated the amount of costs Richardson owed. At sentencing, the judge imposed a specific amount of restitution, but only said that Richardson was to "pay the costs of prosecution." Petition for Review, Exhibit A, at 8. Similarly, in the sentencing order, the restitution amount is listed, but the amount of costs is not. Instead there is simply a check mark next to the word "costs" on the form. The first time costs are enumerated in the materials that Richardson provided to this court is in a Court Commitment form given to the Department, signed by the Clerk of Court, listing the costs of prosecution as $1,525.34.

■ While it appears that no court has ever considered the propriety of collection of costs unenumerated by the trial judge, there have been rulings in a number of related areas. It is clear, for instance, that it is unlawful for a Clerk of Court to authorize the collection of costs when the judge did not include costs in the sentence at all. *Spotz v. Commonwealth,* 972 A.2d 125 (Pa.Cmwlth.2009); *Commonwealth v. LeBar,* 860 A.2d 1105 (Pa.Super.2004). However, a clerk may impose fees on an inmate that are specifically mandated by statute, even absent a court order. *LeBar,* 860 A.2d 1105. When the judge has au-

thorized the imposition of costs, the Department may collect those costs from a prisoner without physical possession of the court order; a form signed by the Clerk of Court is sufficient authorization. *Herrschaft v. Dep't of Corr.*, 949 A.2d 976 (Pa. Cmwlth.2008). In addition, the practice of a judge ordering a defendant to pay costs, and leaving the assessment of the amount to the clerk appears to be a common one, as it has been noted in our cases a number of times, though never as a determinative fact. *See, e.g., id.; Commonwealth v. Williams*, 909 A.2d 419 (Pa.Cmwlth.2006); *Fordyce v. Clerk of Courts*, 869 A.2d 1049 (Pa.Cmwlth.2005). In addition, the text of Act 84 itself does not specify who must determine the amount of costs.

Richardson asserts having costs calculated by the Clerk of Court is contrary to Act 84, but is unable to point to a provision of the statute, or a case interpreting it, that requires the judge to impose the specific amount to be withheld. We see no impediment to the clerk's performing that ministerial duty, if, as in this case, the imposition of costs generally has been authorized by the trial judge. In *LeBar*, the Superior Court authorized the Clerk of Court to impose statutorily mandated fees even in the absence of a court order. 860 A.2d 1105. Calculating the amount of costs imposed by the trial judge is a similarly ministerial and appropriate role for the Clerk. It is important to note that even when the amount of costs has been determined by a clerk, the defendant still has the ability to challenge the amount. *See, e.g., Williams*, 909 A.2d 419; *Fordyce*, 869 A.2d 1049. In this case, however, Richardson makes no allegation that the amount of costs imposed is incorrect, he merely asserts that it was unlawful for the amount to have been determined by the Clerk. Because that argument is incorrect, his claim must fail.

■ Richardson also claims that the deductions from his inmate account were unlawful because, in some instances, the Department referred to the restitution and costs as a "debt," and Act 84 specifically provides that "restitution … [and] costs … are part of a criminal action or proceeding and shall not be deemed debts." 42 Pa.C.S. § 9728(a)(1). This argument ignores the entirety of Act 84, including subsection (a)(1), which, regardless of its language about debts, authorizes county authorities to collect restitution and costs, and subsection (b)(5), which authorizes the Department to collect those funds from inmates on behalf of the county. The deductions from Richardson's inmate account are clearly authorized by statute and semantics do not change that fact.

■ Finally, Richardson asserts that the staff at SCI–Forest has been reckless and negligent in denying his requests that the deductions be stopped. He asserts that the actions of these employees have caused him distress for which he seeks both pain and suffering and punitive damages. However, this court does not have original jurisdiction over common law tort actions of this sort. *Miles v. Beard*, 847 A.2d 161 (Pa.Cmwlth.2004). Additionally, despite the fact we do have jurisdiction over Richardson's request for an injunction, that aspect of the case does not create supplemental jurisdiction over the tort claim. *See Stackhouse v. Commonwealth*, 574 Pa. 558, 832 A.2d 1004 (2003). While our usual remedy would be to transfer to an appropriate court, we can refuse to transfer, in the interest of judicial economy, if we determine that there are no circumstances under which relief could be granted. *Smock v. Commonwealth*, 496 Pa. 204, 436 A.2d 615 (1981). We decline to transfer in this case, because we have found the deductions made by the Department to be entirely lawful and proper, and

it would therefore be impossible for them to form the basis of a tort action.

For all the reasons above, we sustain the preliminary objections and dismiss the petition for review.

### ORDER

AND NOW, this 23rd day of March, 2010, Respondent's preliminary objections in the above-captioned matter are hereby SUSTAINED and the petition for review is DISMISSED.