COMMONWEALTH of Pennsylvania,

v.

**Joseph Brian MAZER, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 13, 2011.

Decided June 21, 2011.

Joseph Brian Mazer, pro se.

Duane Ramseur, Senior Deputy Prosecutor, York, for appellee.

BEFORE: PELLEGRINI, Judge, and SIMPSON, Judge, and BUTLER, Judge.

OPINION BY Judge PELLEGRINI.

Inmate Joseph Brian Mazer (Mazer)[1] appeals *pro se* from an order of the Court of Common Pleas of York County (trial court) assessing him court costs because at his sentencing he was only ordered to pay "costs of prosecution." For the reasons that follow, we affirm in part and reverse in part the trial court's order and remand for the trial court to issue an order to the Clerk of Courts to remove the additional $250 of restitution that was assessed on Mazer but not imposed by the trial court.

On March 19, 2008, Mazer appeared before the trial court for sentencing in criminal case numbers CP–67–CR–0002170–2007 (burglary; criminal conspiracy), CP–67–CR–0002213–2007 (burglary; criminal trespass; theft by unlawful taking; criminal mischief), and CP–67–CR–0000771–2008 (criminal conspiracy to commit perjury). He pled guilty to the charges and was sentenced at the hearings to 21–48 months of confinement, $500 in restitution and "costs of prosecution." On October 6, 2008, Mazer entered a no-contest plea to institutional vandalism in case number CP–67–CR–0001307–2008, was sentenced to 24 months probation, and was directed to pay the "costs of prosecution." No separate court order was issued regarding the sentencing or costs of prosecution that Mazer had to pay in any of the four cases. Mazer was transferred to SCI–Camp Hill to begin serving parole backtime for a

---

1. Mazer is currently an inmate at the State Correctional Institution (SCI) at Camp Hill, Pennsylvania.

prior conviction before serving his current sentence.

■ Mazer wrote to the York County Clerk of Courts (Clerk of Courts) to advise that his inmate account improperly reflected that he owed the "costs of prosecution" and the $500 restitution the trial court imposed because no court order was issued requiring him to pay court costs, only "costs of prosecution." Also, the docket should be amended to reflect only the prosecution costs that were submitted on the District Attorney's bill of costs if any. When the Clerk of Courts did not respond to Mazer, he submitted to the trial court a motion to compel seeking an order to compel the Clerk of Courts to remove the assessed court costs, costs of prosecution[2] and restitution assessed against him for his convictions. By order dated September 23, 2010, the trial court denied his request, and this appeal followed.[3]

■ On appeal, Mazer first contends that "court costs,"[4] which include, for example, costs of subpoenas and photocopies, are not the same and are not part of the "costs of prosecution" that the sentencing judge directed him from the bench to pay. Mazer states that costs of prosecution are the necessary expenses incurred by the District Attorney[5] when prosecuting a criminal case but argues that they are not "court costs." Because the trial court only directed him to pay costs of prosecution, he is not required to pay any of the District Attorney's costs.

In *Richardson v. Department of Corrections*, 991 A.2d 394 (Pa.Cmwlth.2010), this Court discussed where the sentencing judge ordered Richardson to pay "costs of prosecution" but did not specify an amount

---

2. . According to Mazer, "costs of prosecution" in all four cases totaled $101. The Commonwealth argues that court costs and fees totaled $2,689.43.

3. Our standard of review is limited to determining whether the trial court committed an error of law; our scope of review is plenary. *Commonwealth v. Mistler*, 590 Pa. 390, 912 A.2d 1265 (2006).

4. For example, in Case # CP–67–CR–0002213–2007, the Clerk of Courts assessed Mazer the following non-waivable court costs:

| | |
|---|---|
| Constable Education Training Act (Act 44 of 1991) | $ 5.00 |
| State Court Costs (Act 204 of 1976) | $ 11.50 |
| Commonwealth Costs (Act 167 of 1992) | $ 17.30 |
| County Court Cost (Act 204 of 1976) | $ 25.20 |
| Domestic Violence Compensation (Act 44 of 1988) | $ 10.00 |
| Firearm Education and Training Fund (Act 158 of 1994) | $ 5.00 |
| Judicial Computer Project | $ 8.00 |
| Crime Victim Compensation (Act 96 of 1984) | $ 35.00 |
| Victim Witness Service (Act 111 of 1998) | $ 25.00 |
| DNA Detection Fund (Act 185 of 2004) | $250.00 |

Other typical costs were subpoena costs, constable costs and filing fees. (*See* Original Record, Criminal Docket, Case Financial Information, p. 16 of 17.)

5. Section 1403 of the County Code, 16 P.S. § 1403, Act of August 9, 1955, P.L. 323, provides the following regarding expenses incurred by the District Attorney:

All necessary expenses incurred by the district attorney or his assistants or any office directed by him in the investigation of crime and the apprehension and prosecution of persons charged with or suspected of the commission of crime, upon approval thereof by the district attorney and the court, shall be paid by the county from the general funds of the county. In any case where a defendant is convicted and sentenced to pay the costs of prosecution and trial, the expenses of the district attorney in connection with such prosecution shall be considered a part of the costs of the case and be paid by the defendant.

and did not order the separate payment of "court costs." Even though the order stated that only "costs of prosecution" were to be paid, we treated "court costs" and "costs of prosecution" as one and the same.[6] Even though the trial court in this case did not specify that Mazer had to pay "court costs" in addition to "costs of prosecution," it is clear that based on our decision in *Richardson*, "costs of prosecution" also include "court costs."

*Richardson* also held that it was unnecessary for the court order to set forth the specific costs to be collected. We held that:

> When the judge has authorized the imposition of costs, the Department may collect those costs from a prisoner without physical possession of the court order; a form signed by the Clerk of Court is sufficient authorization. *Herrschaft v. Dep't of Corr.*, 949 A.2d 976 (Pa.Cmwlth.2008). In addition, the practice of a judge ordering a defendant to pay costs, and leaving the assessment of the amount to the clerk appears to be a common one, as it has been noted in our cases a number of times, though never as a determinative fact. *See, e.g.,*

*id.; Commonwealth v. Williams*, 909 A.2d 419 (Pa.Cmwlth.2006); *Fordyce v. Clerk of Courts*, 869 A.2d 1049 (Pa. Cmwlth.2005). In addition, the text of Act 84 itself does not specify who must determine the amount of costs.

*Id.*, 991 A.2d at 397.[7]

■ Finally, Mazer alleges that the Clerk of Court does not have the authority to assess the restitution that was imposed on him by the trial court because it was excessive. He argues that regarding case no. CP–67–CR–0002213–2007, the trial court only imposed $500 in restitution, but his docket financial information reflects that amount plus an additional entry of $250. We have reviewed the trial court docket sheet list and Mazer is correct that he has been assessed an additional $250 to pay for restitution which was not imposed by the trial court at his sentencing hearing. Consequently, that portion of the trial court's order denying his motion to compel is reversed, and the case is remanded for the trial court to issue an order to the Clerk of Courts to remove the additional $250 of restitution that was assessed on Mazer but not imposed by the trial court.

---

**6.** In *Herrschaft v. Department of Corrections*, 949 A.2d 976 (Pa.Cmwlth.2008), some of the statutorily-mandated costs that the Commonwealth claimed were authorized and the inmate did not dispute were the same as those imposed here: Crimes Commission (Act 96 of 1984); Domestic Violence (Act 44 of 1988); and State Court Costs (Act 204 of 1976). Additionally, in *Commonwealth v. Hower*, 267 Pa.Super. 182, 406 A.2d 754 (1979), "court costs" included constable, witness and clerk fees.

**7.** We also note that court costs, while not defined, are explained at 18 Pa.S.A. § 11.1101(1)(a), (c) and (e) as follows:

**Costs**

(1) Imposition.
(a) A person who pleads guilty or nolo contendere or who is convicted of a

crime shall, in addition to costs imposed under 42 Pa.C.S. § 3571(c) (relating to Commonwealth portion of fines, etc.), pay costs of at least $60 and may be sentenced to pay additional costs in an amount up to the statutory maximum monetary penalty for the offense committed.

\*　　\*　　\*

(c) Payment. This cost shall be imposed notwithstanding any statutory provision to the contrary.

\*　　\*　　\*

(e) Court order. *No court order shall be necessary in order for the defendant to incur liability for costs under this section.* Costs under this section must be paid in order for the defendant to be eligible for probation, parole or accelerated rehabilitative disposition. (Emphasis added.)

Accordingly, the order of the trial court is affirmed in part and reversed in part, and the case is remanded to the trial court to issue an order to the Clerk of Courts to remove the additional $250 of restitution that was improperly assessed to Mazer.

## ORDER

AND NOW, this 21st day of June, 2011, the order of the Court of Common Pleas of York County, dated September 23, 2010, is affirmed in part and reversed in part in accordance with this decision. The case is remanded to the trial court to issue an order to the Clerk of Courts to remove the additional $250 of restitution that was assessed on Mazer but not imposed by the trial court.

Jurisdiction is relinquished.