J-S37014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NICODEMO DIPIETRO | |
| Appellant | No. 1002 WDA 2015 |

Appeal from the Judgment of Sentence June 3, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000182-2015

BEFORE:  GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED MAY 17, 2016**

Appellant, Nicodemo Dipietro, appeals *pro se* from the judgment of sentence entered in the Fayette County Court of Common Pleas, following his negotiated guilty plea to terroristic threats.[1]  We affirm.

The facts and procedural history of this case are as follows.  While in prison, Appellant, *inter alia*, coerced Victim to deposit more than $40,000.00 into Appellant's prison inmate account between May 28, 2013 and August 20, 2013.  Appellant gave Victim instructions to use various false identities to deposit some of the funds, and Victim complied.  Appellant threatened to kill, strangle, and have Victim beaten if she did not comply with Appellant's demands.  At some point, Victim alerted authorities to Appellant's actions by

_____

[1] 18 Pa.C.S.A. § 2706(a)(1).

way of anonymous letters. The Commonwealth subsequently charged Appellant with one count each of theft by deception, criminal use of a communication facility, and terroristic threats.

On June 3, 2015, Appellant entered a negotiated guilty plea to terroristic threats. In exchange, the Commonwealth agreed to ask the court to enter *nolle prosequi* on the remaining charges. The parties also agreed to a sentence of one year of probation (concurrent to the unrelated life sentence Appellant was already serving), $10,000.00 in restitution or compensatory payment to Victim, and applicable costs. At the guilty plea hearing, counsel explained he had reviewed the guilty plea colloquy with Appellant and Appellant understood his rights.[2] Appellant expressly admitted that on May 28, 2013, he threatened to "whack [Victim] out…[i]f [Victim] didn't stop playing these childish games she was playing." (N.T. Guilty Plea/Sentencing Hearing, 6/3/15, at 7-8). The court accepted Appellant's guilty plea as knowing, intelligent, and voluntary, and imposed the negotiated sentence.

On Monday, June 15, 2015, despite having counsel of record, Appellant filed a *pro se* post-sentence motion seeking, *inter alia*, a reduction in the amount of restitution/compensatory payment imposed and his

---

[2] The Commonwealth stated at the guilty plea/sentencing hearing that the parties did not reduce their plea agreement to a writing. Additionally, a written guilty plea colloquy does not appear in the certified record.

conviction and sentence "quashed." Appellant then filed a premature *pro se* notice of appeal on June 25, 2015. Appellant purportedly submitted a second, untimely *pro se* post-sentence motion,[3] raising the same claims asserted in the prior post-sentence motion and adding complaints that he did not agree as part of his negotiated plea agreement to pay the costs of prosecution or other applicable costs/fines assessed against him. On July 8, 2015, the court denied all post-sentence motion claims[4] and ordered

_____

[3] The second and untimely post-sentence motion is dated June 25, 2015, but does not contain a timestamp indicating the filing date. The motion is also not recorded on the docket. Nevertheless, the court's subsequent denial of relief is written on the proposed court order affixed to the second post-sentence motion, confirming the document was submitted to the court but simply not recorded.

[4] As a general rule, this Court has jurisdiction only over final orders. *Commonwealth v. Rojas*, 874 A.2d 638 (Pa.Super. 2005). "A direct appeal in a criminal proceeding lies from the judgment of sentence." *Commonwealth v. Patterson*, 940 A.2d 493, 497 (Pa.Super. 2007), *appeal denied*, 599 Pa. 691, 960 A.2d 838 (2008). If a defendant in a criminal case files a timely post-sentence motion, the judgment of sentence does not become final for the purposes of an appeal until the trial court disposes of the motion or the motion is denied by operation of law. *Commonwealth v. Borrero*, 692 A.2d 158, 160 (Pa.Super. 1997). The denial of a timely post-sentence motion becomes the triggering event for filing a notice of appeal. Pa.R.Crim.P. 720(A)(2). When an appellant files a notice of appeal before the court has ruled on his post-sentence motion, the judgment of sentence has not become "final," and any purported appeal will be interlocutory and unreviewable. *Borrero, supra*. In those circumstances, the proper remedy is to quash the appeal, relinquish jurisdiction, and remand for the trial court to consider the post-sentence motion *nunc pro tunc*. *Id.* at 161. Nevertheless, if the court subsequently denies the post-sentence motion, "[this Court] will treat [an] appellant's premature notice of appeal as having been filed after entry of [an] order
*(Footnote Continued Next Page)*

Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely filed a *pro se* Rule 1925(b) statement on July 23, 2015.

On August 28, 2015, this Court issued a *per curiam* order, remanding the case to the trial court to determine whether counsel had abandoned Appellant on appeal, where plea counsel was still counsel of record but Appellant was *pro se* on appeal. The trial court held a hearing on September 10, 2015, regarding counsel's potential abandonment. At the conclusion of the hearing, the trial court determined plea counsel had not abandoned Appellant; Appellant had not informed plea counsel to file an appeal or alerted plea counsel that Appellant had filed *pro se* post-sentence motions, a notice of appeal, and a Rule 1925(b) statement.[5] The court also expressly

---

*(Footnote Continued)* ————————

denying post-sentence motions." ***See Commonwealth v. Ratushny***, 17 A.3d 1269, 1271 n. 4 (Pa.Super. 2011).

Instantly, the court sentenced Appellant on June 3, 2015, and Appellant filed a *pro se* post-sentence motion on Monday, June 15, 2015. Thereafter, Appellant filed a notice of appeal *pro se* on June 25, 2015, before the court ruled on his post-sentence motion. The court resolved all the post-sentence motion claims on July 8, 2015. Thus, we will relate Appellant's premature notice of appeal forward to July 8, 2015, to resolve any jurisdictional impediments. ***See id.***

[5] The trial court should have forwarded Appellant's *pro se* filings to plea counsel, who was still counsel of record. ***See*** Pa.R.A.P. 3304 (stating: "Where a litigant is represented by an attorney before the [c]ourt and the litigant submits for filing a petition, motion, brief or any other type of pleading in the matter, it shall not be docketed but forwarded to counsel of record").

- 4 -

decided Appellant has sufficient funds to retain private counsel, based on Appellant's statements at the guilty plea/sentencing hearing. Consequently, the trial court permitted plea counsel to withdraw from representation, revoked Appellant's indigency status, and directed Appellant to hire private counsel for appeal. Following multiple requests by Appellant for the appointment of counsel on appeal, this Court issued *per curiam* orders on October 19, 2015, and December 28, 2015, denying Appellant's requests, based on the trial court's order revoking Appellant's indigency status.

Appellant raises two issues for our review:

> WHETHER THIS HONORABLE COURT ABUSED [ITS] DISCRETION BY DENYING APPELLANT COURT APPOINTED COUNSEL FOR THIS INSTANCE?
>
> WHETHER THE TRIAL [COURT'S FAILURE] TO IMPOSE FINES & COSTS IN OPEN COURT DURING THE SENTENCING PHASE CONSTITUTE[S] A VIOLATION OF DUE PROCESS?

(Appellant's Brief at 1).

In his first issue, Appellant argues plea counsel disregarded Appellant's request to file a direct appeal following imposition of Appellant's sentence. Appellant asserts counsel stopped representing Appellant without filing a proper motion to withdraw. Appellant contends counsel's actions constituted abandonment and left Appellant to "fend for himself" on appeal. Appellant claims both the trial court and this Court committed an abuse of discretion by denying his request for the appointment of new counsel for appeal. Appellant concludes this Court should vacate the trial court's order deciding

Appellant was not entitled to the appointment of counsel and remand for appointment of new counsel or another determination of Appellant's indigency status.  We disagree.

Pennsylvania Rule of Criminal Procedure 122 governs the appointment of counsel in criminal cases and provides, in pertinent part:

Pennsylvania Rule of Criminal Procedure 122 provides:

**Rule 122.  Appointment of Counsel**

(A)   Counsel shall be appointed:

\*   \*   \*

(2) in all court cases, prior to the preliminary hearing to all defendants who are without financial resources or who are otherwise unable to employ counsel;

\*   \*   \*

(B)   When counsel is appointed,

\*   \*   \*

(2) the appointment shall be effective until final judgment, including any proceedings upon direct appeal.

Pa.R.Crim.P.  122(A)(2), (B).   "Pa.R.Crim.P.  122 authorizes the court to conduct case-by-case evaluations of individual defendants' circumstances in order to ascertain whether counsel should be appointed."  ***Commonwealth v. Cannon***, 954 A.2d 1222, 1227 (Pa.Super. 2008), *appeal denied*, 600 Pa. 743, 964 A.2d 893 (2009) (internal quotations, citation, and footnote omitted).   "If…the court finds appellant not indigent or having waived assistance of counsel on appeal, it will then permit appellant to prosecute his

appeal, either with private counsel or *pro se*." ***Commonwealth v. Packer***, 244 A.2d 790, 791 (Pa.Super. 1968). Furthermore, "where a defendant's course of conduct demonstrates [his] intention not to seek representation by private counsel, despite having the opportunity and financial wherewithal to do so, a determination that the defendant be required to proceed *pro se* is mandated because that defendant has forfeited the right to counsel." ***Commonwealth v. Lucarelli***, 601 Pa. 185, 195, 971 A.2d 1173, 1179 (2009).

Instantly, the trial court held a hearing on September 10, 2015, pursuant to this Court's August 28, 2015 *per curiam* order, to determine whether counsel had abandoned Appellant and whether appointment of new counsel was appropriate. The court decided Appellant had acted independently of his counsel by filing *pro se* post-sentence motions, a notice of appeal, and a Rule 1925(b) statement without alerting counsel that Appellant wanted to pursue further review. Consequently, the court ruled that plea counsel did not "abandon" Appellant, and allowed counsel to withdraw from the case.

Additionally, the court decided Appellant was not indigent, in light of Appellant's testimony at the guilty plea/sentencing hearing concerning his wealth. At the guilty plea/sentencing hearing, Appellant admitted he has at least $30,000.00 in his prison account and bragged that he has other funds elsewhere. (***See*** N.T. Guilty Plea/Sentencing Hearing at 13.) Appellant also

offered to pay an additional $1,200.00 in restitution/compensatory payment, plus the cost of gas, if the court agreed to have Appellant transported back to prison immediately after the guilty plea/sentencing hearing. The court did not entertain Appellant's offer. Based on Appellant's representation of wealth, the court revoked Appellant's indigency status and directed him to retain private counsel for appeal. The record supports the court's decision that Appellant is not indigent or entitled to the appointment of counsel on appeal under these circumstances. **See** Pa.R.Crim.P. 122(A)(2); **Lucarelli, supra**; **Cannon, supra**; **Packer, supra**. Therefore, Appellant's first issue merits no relief.

In his second issue, Appellant argues the court stated on-the-record at sentencing that Appellant must pay the costs of prosecution and remit payment under the Crime Victims Compensation Act and Domestic Violence Compensation Act. Appellant maintains the sentencing order is consistent with these remarks. Appellant claims the court also stated on-the-record Appellant would only have to pay fines and costs totaling $100.00. Appellant complains his itemized account of fines, costs, fees, and restitution shows the court imposed fines and costs totaling $722.75. Appellant submits the court imposed fines and costs above the amount agreed to under the negotiated plea agreement. Appellant contends imposition of fines/costs not mentioned at his sentencing hearing or in the sentencing order renders his sentence illegal. Appellant concludes this Court should

vacate the judgment of sentence and remand the case so Appellant can renegotiate a plea that is not ambiguous regarding fines and costs.[6] We disagree.

A claim that the court lacked authority to impose fines and costs challenges the legality of the sentence. *Commonwealth v. Garzone*, 993 A.2d 306 (Pa.Super. 2010), *aff'd*, 613 Pa. 481, 34 A.3d 67 (2012). "The determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." *Id.* (internal citation omitted).

The Sentencing Code provides, in pertinent part, as follows:

**§ 9721.  Sentencing generally**

\* \* \*

**(c.1)    Mandatory payment of costs.**—Notwithstanding the provisions of section 9728 (relating to collection of restitution, reparation, fees, costs, fines and penalties) or any provision of law to the contrary, in addition to the alternatives set forth in subsection (a), the court shall order the defendant to pay costs.  In the event the court

---

[6] To the extent Appellant seeks to withdraw his guilty plea as unknowing, unintelligent and involuntary based on the court's imposition of "additional" fines and costs, that claim is waived, where Appellant did not preserve it in his Rule 1925(b) statement.  *See Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775 (2005) (holding as general rule that any issues not raised in Rule 1925(b) statement will be deemed waived on appeal).  To the extent Appellant also argues the court failed to decide whether Appellant had sufficient funds to pay the costs/fines imposed, and that the imposition of "additional" fines and costs constituted a due process violation, these issues are similarly waived for lack of preservation in Appellant's concise statement.  *See id.*

fails to issue an order for costs pursuant to section 9728, costs shall be imposed upon the defendant under this section. No court order shall be necessary for the defendant to incur liability for costs under this section. …

42 Pa.C.S.A. § 9721(c.1).

**§ 9728.  Collection of restitution, reparation, fees, costs, fines and penalties**

\*    \*    \*

**(b.2)    Mandatory payment of costs.**—Notwithstanding any provision of law to the contrary, in the event the court fails to issue an order under subsection (a) imposing costs upon the defendant, the defendant shall nevertheless be liable for costs, as provided in section 9721(c.1), unless the court determines otherwise pursuant to Pa.R.Crim.P. No. 706(C) (relating to fines or costs).[7]  The absence of a court order shall not affect the applicability of the provisions of this section.

\*    \*    \*

**(g)    Costs, etc.**—Any sheriff's costs, filing fees and costs of the county probation department, clerk of courts or other appropriate governmental agency, including, but not limited to, any reasonable administrative costs associated with the collection of restitution, transportation costs and other costs associated with the prosecution, shall be borne by the defendant and shall be collected by the county probation department or other appropriate governmental agency along with the total amount of the judgment and remitted to the appropriate agencies at the time of or prior to satisfaction of judgment.

---

[7] Under Rule 706(c): "The court, in determining the amount and method of payment of a fine or costs shall, insofar as is just and practicable, consider the burden upon the defendant by reason of the defendant's financial means, including the defendant's ability to make restitution or reparations." Pa.R.Crim.P. 706(c).

42 Pa.C.S.A. § 9728(g). Additionally, "[i]n any case where a defendant is convicted and sentenced to pay the costs of prosecution and trial, the expenses of the district attorney in connection with such prosecution shall be considered a part of the costs of the case and be paid by the defendant." 16 Pa.C.S.A. § 1403. **See also Commonwealth v. Mazer**, 24 A.3d 481 (Pa.Cmwlth. 2011) (holding "costs of prosecution" imposed include "court costs" even where trial court does not specify that defendant must pay "court costs" and sentencing order only dictates that defendant pay "costs of prosecution"; court need not set forth specific costs to be collected; practice of judge ordering defendant to pay costs, and leaving assessment of amount of costs to clerk is common practice); **Richardson v. Pennsylvania Dept. of Corrections**, 991 A.2d 394, 397 (Pa.Cmwlth. 2010) (considering "court costs" as part of "costs of prosecution" and stating: "We see no impediment to the clerk's performing [the] ministerial duty [of calculating costs], if,…the imposition of costs generally has been authorized by the trial judge"; "[c]alculating the amount of costs imposed by the trial judge is a…ministerial and appropriate role for the Clerk").

Instantly, the court addressed Appellant's second issue on appeal as follows:

> And Now, September 10, 2015, it appears that we are here today because [Appellant] has filed a *pro se* appeal from this [c]ourt's Order sentencing [Appellant] on June 3rd, 2015. He also apparently filed his own *pro se* concise [statement] on appeal. This [c]ourt authored an Opinion and Order which was filed with the Clerk of Courts on

August 4, 2015, addressing those issues, all of which we found to be without merit, particularly, it appears [Appellant] is objecting to paying the statutorily imposed fines, costs and fees such as Victim Witness Service Act 111 of 1998 fee, State Court costs, Act 204 of 1976, Judicial Computer Project Fee, JCPS Fee, Firearm Education and Training Fee, etc., all of which are standard imposed fees pursuant to various statutes of the Commonwealth of Pennsylvania. In our Sentencing Order we directed [Appellant] to pay the costs of prosecution. We then inserted a semicolon. The next portion that he was ordered to pay was $70.00 to the State Treasurer for the Crime Victims Compensation, Domestic Violence Fund. [Appellant] has failed to see the punctuation placed between the two clauses and has also failed, or is not knowledgeable, of all the statutorily standard fines, costs and fees imposed in any criminal prosecution. That is what he was ordered to pay. Accordingly, we find no merit to that portion of what he is objecting to.

(Order, filed 9/14/15, at 1-2). We see no reason to disrupt the court's decision. The court expressly stated on-the-record at the guilty plea/sentencing hearing that Appellant must pay the "costs of prosecution," and remit payment under the Crime Victims Compensation Act and Domestic Violence Compensation Act.[8] The sentencing order also specifies these payments. The "costs of prosecution" include expenses of the district attorney in connection with prosecution of the case. *See* 16 Pa.C.S.A. § 1403. Under that heading, Appellant is responsible for other "court costs" associated with his case "including, but not limited to, any reasonable administrative costs associated with the collection of restitution,

---

[8] Nothing in the record supports Appellant's contention that the court stated the costs in his case would total only $100.00.

transportation costs and other costs associated with the prosecution[.]" ***See*** 42 Pa.C.S.A. § 9728(g). ***See also Mazer, supra***; ***Richardson, supra***. Moreover, Appellant is responsible for these "court costs" regardless of whether the court mentions their imposition in the sentencing order. ***See*** 42 Pa.C.S.A. § 9721(c.1); 42 Pa.C.S.A. § 9728(b.2); ***Mazer, supra***; ***Richardson, supra***.

Appellant cites no law indicating he is immune from payment of statutorily mandated court costs simply because his plea bargain did not expressly delineate each line item. Our review of Appellant's itemized account of fines, costs, fees, and restitution makes clear that the specific "costs/fees"[9] which Appellant disputes are reasonable costs of prosecution and other statutorily mandated court costs. Therefore, Appellant's challenge to the legality of his sentence fails. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

_____

[9] Neither the sentencing order nor the itemized account of fines, costs, fees, and restitution shows that the court imposed a "fine" in this case. Rather, the sentencing order and itemized account indicate the court imposed "costs/fees" and restitution.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2016