# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Commonwealth of Pennsylvania | : |
| | : |
| v. | : No. 1611 C.D. 2016 |
| | : Submitted: March 10, 2017 |
| Steven Klingensmith, | : |
| Appellant | : |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                                          **FILED:  April 18, 2017**

This is a *pro se* appeal filed by Steven Klingensmith (Klingensmith) from an order of the Indiana County Court of Common Pleas (trial court) dismissing a motion that he filed in three criminal cases seeking to remove a $60.00 item of costs assessed pursuant to the Crime Victims Act.[1]  We affirm.

In the first of the cases, Klingensmith pleaded guilty on September 13, 2013 to charges of Driving Under the Influence of Alcohol (DUI)-Highest Rate of Alcohol 2nd Offense and Driving While Operating Privilege is Suspended/Revoked-DUI Related, arising out of acts that he committed on September 22, 2012.  (CP-32-CR-0001716-2012 Criminal Docket Sheet at 4, 11-12, 14.)  On November 22, 2013, Klingensmith pleaded guilty in the second case, to charges of DUI-Highest Rate of Alcohol 1st Offense and Driving While

---

[1] Act of November 24, 1998, P.L. 882, *as amended*, 18 P.S. §§ 11.101–11.5102.

Operating Privilege is Suspended/Revoked-DUI Related, arising out of acts that he committed on July 27, 2013. (CP-32-CR-0001034-2013 Criminal Docket Sheet at 3, 6, 8.) In the third criminal case, Klingensmith pleaded guilty on November 22, 2013 to charges of Attempted Robbery and Simple Assault, arising out of acts that he committed on August 9, 2013. (CP-32-CR-0001084-2013 Criminal Docket Sheet at 3, 6-7.)

On December 20, 2013, Klingensmith was sentenced by the trial court in all three cases. In the first case, the trial court sentenced Klingensmith to one and one-half to five years imprisonment for the DUI and 90 days imprisonment for Driving While Operating Privilege is Suspended/Revoked-DUI Related, plus costs and fines. (CP-32-CR-0001716-2012 Sentence Order.) In the second case, the trial court sentenced Klingensmith to three to six months imprisonment for the DUI and 90 days imprisonment for Driving While Operating Privilege is Suspended/Revoked-DUI Related, plus costs and fines. (CP-32-CR-0001034-2013 Sentence Order.) In the third case, the trial court sentenced Klingensmith to two and one-half to ten years imprisonment for Attempted Robbery and one to two years imprisonment for Simple Assault, plus costs and fines. (CP-32-CR-0001084-2013 Sentence Order.) The trial court ordered that the sentences imposed in the first case run concurrently with each other but consecutively with the sentences in the third criminal case, that the sentences in the second case run concurrently with each other and with the sentences imposed in the other two cases, and that the sentences in the third case run consecutively. (CP-32-CR-0001716-2012 Sentence Order; CP-32-CR-0001034-2013 Sentence Order; CP-32-CR-0001084-2013 Sentence Order.)

The costs assessed by the trial court against Klingensmith in both the first case and the third case included a $60.00 Crime Victim's Compensation Fund and Victim Witness Services Fund (Crime Victim Fund) fee. (Appellant's Motion to Compel DOC to Correct Charges Exs. 1, 3.) On January 27, 2015, the Department of Corrections (DOC) notified Klingensmith that it would make deductions from his inmate account to satisfy the unpaid portions of these two Crime Victim Fund fees and other unpaid costs imposed in those cases. (*Id.* Exs. 2, 4.) On August 3, 2016, Klingensmith filed a motion in all three of the criminal cases asserting that assessment of the Crime Victim Fund fee in the third case was erroneous and seeking an order requiring DOC to correct that alleged error and refund deductions from his inmate account. On August 31, 2016, the trial court issued an order in all three criminal dockets denying Klingensmith's motion. This appeal followed.[2]

Klingensmith argues in this Court that only one Crime Victim Fund fee can be assessed for all offenses for which sentences are imposed by the same judge at the same sentencing. We do not agree.

Section 1101 of the Crime Victims Act provides:

(a) Imposition.--

(1) A person who pleads guilty or nolo contendere or who is convicted of a crime shall, in addition to costs imposed under 42 Pa. C.S. § 3571(c) (relating to Commonwealth portion of fines, etc.), pay costs of at least $60 and may be sentenced to pay additional costs in an amount up to the statutory maximum monetary penalty for the offense committed.

\*　　　　　\*　　　　　\*

---

[2] Our review of the trial court's order is limited to determining whether the trial court committed an error of law. *Commonwealth v. Mazer*, 24 A.3d 481, 483 n.3 (Pa. Cmwlth. 2011).

(b) Disposition.--

(1) There is established a special nonlapsing fund, known as the Crime Victim's Compensation Fund. This fund shall be used by the Office of Victims' Services for payment to claimants and technical assistance. Thirty-five dollars of the costs imposed under subsection (a)(1) and (2) plus 30% of the costs imposed under subsection (a)(1) which exceed $60 shall be paid into this fund. All costs imposed under subsection (a)(3) shall be paid into this fund.

(2) There is established a special nonlapsing fund, known as the Victim Witness Services Fund. This fund shall be used by the commission for victim-witness services and technical assistance in nonvictim compensation-related areas in accordance with this section. Twenty-five dollars of the costs imposed under subsection (a)(1) and (2) plus 70% of the costs imposed under subsection (a)(1) and (2) which exceed $60 shall be paid into this fund.

(c) Payment.--This cost shall be imposed notwithstanding any statutory provision to the contrary.

\*    \*    \*

(e) Court order.--No court order shall be necessary in order for the defendant to incur liability for costs under this section. Costs under this section must be paid in order for the defendant to be eligible for probation, parole or accelerated rehabilitative disposition.

18 P.S. § 11.1101. Nothing in this language limits Crime Victim Fund fees for separate criminal convictions to a single assessment simply because the defendant is sentenced on the same day by the same judge. To the contrary, where a defendant pleads guilty or is convicted in separate criminal cases based on different criminal episodes, the mandatory Crime Victim Fund fee is properly assessed in each of those criminal cases, even if joint proceedings on the cases are held before the trial court. *See In re C.A.G.*, 89 A.3d 704, 710-13 (Pa. Super.

4

2014) (in juvenile delinquency cases, separate Crime Victim Fund fees are properly assessed under 18 P.S. § 11.1101(a)(3) for each juvenile petition based on a different delinquent episode, even if the cases are heard and adjudicated together).

Here, the guilty pleas for which the $60.00 Crime Victim Fund fees were assessed were separate cases based on entirely different criminal episodes on different dates. The conduct for which Klingensmith was criminally charged in the first case was a DUI that occurred on September 22, 2012, and the charges in the third case related to an attempted robbery of a convenience store, almost a year later, on August 9, 2013. (CP-32-CR-0001716-2012 Criminal Information; CP-32-CR-0001084-2013 Criminal Information.) Indeed, Klingensmith's guilty pleas in the two cases did not even occur on the same date. The trial court's assessment of a separate $60.00 Crime Victim Fund fee for each of these cases was therefore completely proper and valid.

Because the cost assessments that Klingensmith challenges were valid, he was not entitled to modification of or relief from those assessments. Accordingly, we affirm the trial court's order denying his motion to correct Crime Victim Fund charges.

_____
JAMES GARDNER COLINS, Senior Judge

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　v.　　　　　　　　　　: No. 1611 C.D. 2016
　　　　　　　　　　　　　　　　　　:
Steven Klingensmith,　　　　　　　　:
　　　　　　　Appellant　　　　　　　:

# **O R D E R**

AND NOW, this 18th day of April, 2017, the order of August 31, 2016 of the Court of Common Pleas of Indiana County in the above-captioned case is AFFIRMED.

_____
JAMES GARDNER COLINS, Senior Judge