IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Albert Reid,                           :
                          Petitioner   :
                                       :
            v.                         :   No. 327 M.D. 2015
                                       :   Submitted: February 17, 2017
Department of Corrections for          :
Pennsylvania, William E. Vandrew       :
Clerk of Courts For Franklin County,   :
PA, John E. Wetzel, Secretary of       :
Corrections, Robert Gilmore,           :
Superintendent for S.C.I. Greene,      :
T. Pauley, Accountant Personnel,       :
for S.C.I. Greene, Dorina Varner,      :
Grievance Officer,                     :
                         Respondents   :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE SIMPSON                    FILED: July 17, 2017

        Presently before us in this original jurisdiction matter is a motion for judgment on the pleadings filed by Respondents[1] to an amended petition for review filed by Albert Reid (Reid), an inmate at a state correctional institution (SCI), challenging the Department of Corrections' (DOC) collection of costs under 42 Pa. C.S. §9728(5), commonly known as "Act 84." Respondents assert judgment on the pleadings should be granted because Reid's claims are barred by the statute of

_____
[1] Respondents are the Department of Corrections (DOC), William E. Vandrew, Clerk of Courts for Franklin County, John E. Wetzel, Secretary of Corrections, Central Office for DOC, Robert Gilmore, Superintendent for SCI Greene, T. Pauley, Accountant Personnel, SCI Greene, Dorina Varner, Grievance Officer, DOC's Central Office.

limitations and because DOC properly followed the unambiguous sentencing documentation.  For the reasons that follow, we enter judgment for Respondents and dismiss Reid's amended petition for review with prejudice.

## I. Background

On October 21, 1998, the Court of Common Pleas of the 39th Judicial District, Franklin County Branch, sentenced Reid to death on two first degree murder convictions and 10 to 20 years on a burglary conviction.   On the burglary count, the court also sentenced Reid to pay the costs of prosecution.  On October 28, 1998, Respondent Clerk of Courts for Franklin County (Clerk of Courts) generated a Court Commitment Continuation Sheet, officially known as a Form DC-300B (DC-300B), which calculated the costs on the burglary count as $2,974.84.

On October 29, 1998, Reid arrived at SCI-Camp Hill.  On May 2, 2000, DOC made its first Act 84 deduction from Reid's inmate account.  Thereafter, Reid continued to receive monthly statements identifying DOC's Act 84 deductions.  DOC forwarded the funds to Clerk of Courts.

In September 2014, Reid filed a grievance regarding the Act 84 deductions.  It appears Clerk of Courts, and thereafter DOC, initially interpreted the DC-300B as imposing costs of $2,974.84 for each of the two murder convictions as well as the burglary conviction.  Reid claimed DOC resolved in the grievance to only collect costs on the burglary count because the sentences on the two murder counts did not include language ordering costs.   Ultimately,

2

Respondent Varner, the Chief Grievance Officer of the Secretary's Office of Inmate Grievances & Appeals, issued a final decision sustaining Reid's grievance and informing him that DOC would only assess him a total of $2,974.84. See Pet'r's Am. Pet. For Review, Ex. D. Nevertheless, Reid took the position that his total financial obligation for the burglary count was limited to $624.30. Therefore, Reid continued to claim DOC wrongly deducted more than that amount from his prison account.

In June 2015, Reid, representing himself, filed a petition for review against Respondents seeking injunctive and declaratory relief. In November 2015, Reid filed an amended petition for review against the same Respondents again seeking injunctive and declaratory relief. The gist of Reid's action is that the sentencing court limited his financial obligation to costs of $624.30 on the burglary count. In his request for relief, Reid seeks injunctive relief prohibiting DOC's deduction of any further funds from his inmate account and the refund of all monies collected over the amount of $624.30.

After withdrawing their preliminary objections in the nature of a demurrer, Respondents filed an answer and new matter. Reid responded with a reply to Respondents' new matter.

Thereafter, Respondents filed a motion for judgment on the pleadings, which is now before us for disposition. Respondents advance two grounds for judgment in their favor. First, Respondents assert Reid's claim is barred by a two-year statute of limitations. Second, Respondents contend they are entitled to

judgment because DOC correctly followed the unambiguous sentencing documentation (sentencing order and DC-300B).

In response, Reid argues his claim is not barred by the statute of limitations. Reid further argues that in light of the mistakes in the DC-300B, Respondents' motion should be denied because DOC failed to comply with statutory and administrative requirements that deductions from a prisoner account be based on an unambiguous court order.

## II. Judgment on the Pleadings (Generally)

In deciding a motion for judgment on the pleadings, a court may only consider the pleadings and any attached documents. Pa. R.C.P. No. 1034; Pfister v. City of Phila., 963 A.2d 593 (Pa. Cmwlth. 2009). Further, the moving party must admit the truth of the opposing party's allegations and any of its own that were denied by the opposing party. Pfister. Where there are genuine issues of material fact in dispute, judgment on the pleadings cannot be entered. Id.

## III. Issues

Respondents present two issues for review. Respondents contend Reid's claim is time-barred by a two-year the statute of limitations. Even assuming Reid's action is not time-barred, Respondents alternatively assert they are still entitled to judgment in their favor because DOC correctly followed the unambiguous sentencing documentation, including the sentencing order and the DC-300B.

## IV. Discussion

## A. Statute of Limitations

## 1. Argument

Respondents first assert this Court, in <u>Morgalo v. Gorniak</u>, 134 A.3d 1139 (Pa. Cmwlth. 2016), a case involving somewhat similar facts, held that the two-year statute of limitations in Section 5524(6) of the Judicial Code is applicable to an inmate's claims against an officer of any government unit for the nonpayment of money or non-delivery of money collected upon execution or otherwise in his possession. 42 Pa. C.S. §5524(6). We also recognized in <u>Morgalo</u> that in circumstances where the inmate is aware of the ongoing deductions, his cause of action accrues when DOC makes the first deduction.

Here, the record shows the first deduction from Reid's inmate account occurred in May 2000. However, Reid commenced the instant action by a petition for review filed in June 2015. As such, Respondents argue Reid's claims clearly fall outside the two-year statute of limitations in 42 Pa. C.S. §5524(6).

Reid, on the other hand, contends the two-year statute of limitations did not begin to run until his cause of action accrued, which is the time he sustained an injury. <u>Gleason v. Borough of Moosic</u>, 15 A.3d 479 (Pa. 2011). Reid contends this point is reached when DOC deducted one cent over the amount he owed. Reid asserts this occurred on October 5, 2012. Reid claims that in addition to the costs indicated on the sentencing guideline form in the amount of $624.30, other statutory costs were imputed to him in the amount of $874.00, which raised

5

the total to $1,498.30. Reid argues it was the additional costs that moved the commencement of the statute of limitations to October 2012.

Conversely, Respondents argue, even assuming Reid's claim did not accrue until the deductions or collections exceeded $624.30, the cause of action accrued no later than March 1, 2010, the date the Court of Common Pleas of the 39th Judicial District, Franklin County Branch's criminal docket entries show Act 84 deductions from Reid's account amounted to at least $669.12. In opposition to Reid's claim that the cause of action accrued in October 2012, Respondents maintain the dispute in this case is over costs, not a fine or restitution. Respondents further assert DOC has no control over how Franklin County distributed the funds DOC deducted from Reid's account. However, DOC argues, if one calculates the amount received as reflected by the online docket entries, Reid's assertion that his cause of action did not occur until October 5, 2012 fails.

Nonetheless, Reid further contends his action is essentially an equity action and therefore he was required to first exhaust his administrative remedies before filing an action in this Court. Miles v. Beard, 847 A.2d 161 (Pa. Cmwlth. 2004). To that end, Reid contends, if an inmate fails to exhaust all steps in the inmate grievance system, he fails to exhaust his administrative remedies. Morgalo (citing Kitrell v. Watson, 88 A.3d 1091 (Pa. Cmwlth. 2014)).

Here, Reid asserts he filed an administrative grievance on September 30, 2014, within two years of October 5, 2012, the date his cause of action against Respondents accrued. Moreover, he did not exhaust the administrative grievance

6

procedures until May 2015. As such, Reid argues the two-year statute of limitations in 42 Pa. C.S. §5524(6) does not bar his current action against Respondents, which he initially filed in June 2015.

## 2. Analysis

"[A] statute of limitations period begins to run when a cause of action accrues; *i.e.*, when an injury is inflicted and the corresponding right to institute a suit for damages arises." Gleason, 15 A.3d at 484. "It is the duty of the party asserting a cause of action to use all reasonable diligence to properly inform him-or herself of the facts and circumstances upon which the right of recovery is based and to institute suit within the prescribed period." Id. (emphasis added). "Generally, once the prescribed statutory period has expired, the complaining party is barred from bringing suit." Id.

As noted above, where an inmate is aware of the ongoing deductions, his cause of action accrues "when [DOC] makes the first deduction." Morgalo, 134 A.3d at 1149 n.14 (emphasis added). Here, DOC made its first deduction in May 2000. Reid filed his administrative grievance in September 2014 and then filed this current action in June 2015. Therefore, it appears Reid's petition for review is time-barred by the two-year statute of limitations in 42 Pa. C.S. §5524(6).

Nevertheless, even assuming Reid's cause of action did not accrue until DOC deducted more than $624.30 from his inmate account, the pleadings and attachments support Respondents' contention that DOC deducted at least $669.12

7

from Reid's inmate account by March 1, 2010. Recalling that Reid filed his administrative grievance in September 2014 and then filed this current action in June 2015, both actions were taken well beyond the two-year statute of limitations period in 42 Pa. C.S. §5524(6). As such, it appears Reid's petition for review is time-barred. Gleason; Morgalo.

Nevertheless, Reid asserts there were other statutory costs deducted from his account which extended the statute of limitations until October 2012. However, he cites no documentary evidence supporting his position. Therefore, as Reid indicated in his brief in opposition to Respondents' motion for judgment on the pleadings, his injury accrued "(when the [DOC] deducted one cent-(1¢) over the amount owed) …." Pet'r's Br. in Opp. at 8 (emphasis added). This occurred on March 1, 2010, when DOC's deductions from Reid's inmate account reached $669.12, thereby surpassing the amount of $624.30 Reid claims he owed in costs. Accordingly, we must conclude Reid's action is time-barred. Gleason; Morgalo.

## B. Sentencing Documentation

### 1. Argument

Alternatively, regarding the merits of Reid's claims, Respondents assert DOC correctly followed the unambiguous language in the sentencing documentation. They point out that DOC possesses the statutory authority to make deductions from an inmate's account to satisfy his court-ordered obligations. See Boyd v. Pa. Dep't of Corr., 831 A.2d 779 (Pa. Cmwlth. 2003) (pursuant to 42 Pa. C.S. §9728(b)(5), DOC is authorized to make monetary deductions from an

8

inmate's personal account to collect restitution, fines and costs imposed by the sentencing court).

Nonetheless, it is unlawful for a clerk of court to authorize the collection of costs where the trial judge did not include those costs in the sentence. Spotz v. Commonwealth, 972 A.2d 125 (Pa. Cmwlth. 2009). However, it is a common practice for a sentencing judge to order a defendant to pay the costs of prosecution without specifying an amount. Richardson v. Pa. Dep't of Corr., 991 A.2d 394 (Pa. Cmwlth. 2010).

Respondents maintain the circumstances in Richardson are similar to those here. There, the sentencing judge ordered the inmate to pay a specific amount of restitution and the costs of prosecution. However, the sentence did not specify an amount for the costs of prosecution. Thereafter, the clerk of courts for the sentencing court filed a "Court Commitment" form with DOC, which listed the costs of prosecution as $1,525.34. Richardson, 991 A.2d at 396. After the inmate began serving his sentence in state prison, DOC began collecting the costs from his inmate account under 42 Pa. C.S. §9728(b)(5).

In response, the inmate filed an action in our original jurisdiction alleging the deductions from his inmate account for restitution and costs of prosecution were improper for numerous reasons. Relevant here, the inmate claimed the sentencing judge never articulated the amount of costs he owed. Ultimately, we determined the clerk of courts' calculation of the costs of

9

prosecution fell within the clerk's ministerial duties if the trial judge imposed those costs in general without specifying an amount.

In the present case, Respondents point out the sentencing judge similarly ordered Reid to pay the costs of prosecution on the burglary count without specifying an exact amount. Thereafter, Clerk of Courts prepared a DC-300B assessing costs on the burglary count in the amount of $2,974.84. Thus, in light of Richardson, Respondents argue they properly followed the trial court's sentencing order and Clerk of Courts' calculation of costs. Therefore, Respondents maintain they are entitled to judgment as a matter of law.

In his brief in opposition to Respondents' motion, Reid argues that 42 Pa. C.S. §9728(b)(5) authorizes deductions based upon a court order and no other document. Reid also contends the DC-300B upon which DOC relied was plagued with discrepancies. To that end, the DC-300B indicated Reid owed costs in the amount of $2,974.84 on each of his three convictions despite the fact that the sentencing judge did not impose costs on either of the two murder convictions. Reid further asserts Respondents did nothing to correct this mistake until they realized he would pursue the matter by filing a grievance. At that point, Respondents "changed their tune" and determined that Reid owed a total of $2,974.84, not $2,974.84 on each of three counts. See Pet'r's Br. in Opp. at 11.

Nonetheless, Reid maintains he owed a total of $624.30 on the burglary count, not $2,974.84. Citing DOC guidelines in their Policy DC-ADM-005 (Policy 005), Reid asserts that if the amount listed in the court order is lower

10

than the amount listed in the other official court documents, the lower amount shall control unless the higher amount was included in a more recent court order. Here, the sentencing guideline form, signed by the trial judge, indicated costs in the amount of $624.30 on the burglary offense. See Pet'r's Am. Pet. For Review, Ex. A at 4. Therefore, Reid argues the lower amount should control.

Summarizing, Reid asserts a proper interpretation of 42 Pa. C.S. §9728(b)(5) where the sentencing order imposes costs, but fails to state an amount, would require DOC to obtain from the county clerk of court a verified DC-300B or similar document signed by the sentencing judge attesting that the amount of costs stated therein was correct. Reid contends this would eliminate much of the prisoner litigation on this issue. However, because DOC failed to do this here, Reid contends there is a genuine issue of material fact remaining as to the costs owed and thus Respondents are not entitled to judgment on the pleadings.

## 2. Analysis

As noted above, DOC has the statutory authority under 42 Pa. C.S. §9728(b)(5) to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation imposed by the sentencing court. Any amount deducted shall be transmitted by DOC to the county court in which the offender was convicted. Id.

Pursuant to 42 Pa. C.S. §9728(b)(5), DOC issued Policy 005, setting forth guidelines relating to its responsibilities in collecting inmate debts under 42 Pa. C.S. §9728(b)(5). In November 2014, DOC reissued Section 3 ("Collection").

11

<u>See</u> Pet'r's Am. Pet. For Review, Ex. E.  In determining *court costs* under Section 3(2)(b)(2) of Policy 005, as revised, pertinently provides (with emphasis added):

> (a) If the inmate was sentenced prior to December 26, 2010, court costs are not collectible unless they were specifically ordered as part of the inmate's sentence.  The Business Manager/designee shall examine all of the official court documents to determine whether costs were ordered as part of the sentence in the following manner:
>
> (i) <u>if [DOC] has physical possession of a court order, the court order shall control.  The court order itself need not specify the amount of costs</u>.  If costs were not specifically ordered as part of the inmate's sentence, they shall not be entered into the Inmate Accounting System;
>
> (ii) if [DOC] does not have physical possession of a court order, <u>then a sentencing transcript shall be the controlling document to determine whether costs were imposed as part of the sentence.  The judge does not need to specify the amount of the costs in the transcript</u>;
>
> (iii) if [DOC] has neither a court order [n]or a sentencing transcript, then the other official court documents shall be consulted to determine whether costs were ordered as part of the sentence ….

Policy 005 (reissued 11/3/14) at §3(2)(b)(2)(a)(i),(ii),(iii); Pet'r's Am. Pet. For Review, Ex. E at 1.


In short, Reid, in opposing Respondents' motion for judgment on the pleadings, contends DOC failed to comply with 42 Pa. C.S. §9728(b)(5) and DOC guidelines in Policy 005 by failing to determine that the lower amount of costs ($624.30) included in the sentencing guideline form, signed by the sentencing

judge, controls over the amount the county clerk of court listed in the DC-300B ($2,974.84). We disagree.

As discussed above, the material facts and legal issues here are similar to those decided in Richardson. First, as indicated by Policy 005, in determining court costs, the court order controls, followed by the sentencing transcript, if the court order is not available.

Here, the sentencing order specifically provides: "the sentence of the court on the count of burglary is that the defendant pay the costs of prosecution and undergo imprisonment in a state correctional institution for a period of not less than ten (10) nor more than twenty (20) years." Tr. Ct. Order, 10/21/98; Pet'r's Am. Pet. For Review, Ex. A at 1 (emphasis added). Although the sentencing order did not specify an amount, Clerk of Courts prepared a DC-300B assessing costs on each count in the amount of $2,974.84. As we noted in Richardson, as long as the sentencing judge awards the costs of prosecution, the calculation of the amount of the costs is a ministerial duty capable of being performed by the clerk of court. Similarly, nowhere in Richardson did we indicate that the trial court needed to sign or otherwise approve the calculation made by the clerk. Consequently, we reject Reid's contention that if the specific amount of costs is not included in the sentencing order then the sentencing judge must sign the DC-300B prepared by the clerk of court and attest that the costs are correct. Richardson.

Turning to the amount of the costs in the instant case, we recognize that Clerk of Courts assessed the costs of prosecution as $2,974.84 on each of the

13

two murder counts and the burglary count for a total of $8,924.52. See Resp't's Answer and New Matter, Ex. B (DC-300B). However, as discussed above, Reid challenged the amount of costs in the prison grievance system. In May 2015, Respondent Varner issued a final decision sustaining Reid's grievance and informing him that DOC would only assess him a total of $2,974.84. See Pet'r's Am. Pet. For Review, Ex. D.

Nevertheless, Reid continued to insist that he owed only $624.30 in costs and that DOC already deducted much more than that from his inmate account. As discussed above, Reid contends the lower amount is controlling under Policy 005 where there are conflicting court documents.

We disagree. Reid's reliance on the sentencing guideline form is misplaced. The sentencing guideline form is directed to the Pennsylvania Commission on Sentencing as part of its duties to study sentencing practices within the Commonwealth. See 42 Pa. C.S. §§2151.1-2155. The form is useful in determining a sentencing court's required consideration of guidelines developed by the Commission, 42 Pa. C.S. §2154(a), but it has no value to DOC in determining its duties under Act 84.

Moreover, as we determined in Richardson, the sentencing order awarding costs of prosecution and the DC-300B specifying the amount of those costs is sufficient to establish the amount of costs to be collected under Act 84. This result is also consistent with Policy 005, which states that a court's sentencing

14

order controls over other court documentation.  See Policy 005 (reissued 11/3/14) at §3(2)(b)(2)(a)(i),(ii),(iii); Pet'r's Am. Pet. For Review, Ex. E at 1.

Therefore, we hold that our rationale in Richardson is controlling here on the issue of the validity of DOC's reliance on the sentencing judge's order and the DC-300B to the extent the DC-300B specified costs of prosecution on the burglary count in the amount of $2,974.84.

As such, we enter judgment for Respondents and dismiss Reid's amended petition for review with prejudice.

_____
ROBERT SIMPSON, Judge

15

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Albert Reid,                                  :
                          Petitioner          :
                                              :
          v.                                  :   No. 327 M.D. 2015
                                              :
Department of Corrections for                 :
Pennsylvania, William E. Vandrew              :
Clerk of Courts For Franklin County,          :
PA, John E. Wetzel, Secretary of              :
Corrections, Robert Gilmore,                  :
Superintendent for S.C.I. Greene,             :
T. Pauley, Accountant Personnel,              :
for S.C.I. Greene, Dorina Varner,             :
Grievance Officer,                            :
                          Respondents         :

# **O R D E R**

**AND NOW**, this 17th day of July, 2017, Respondents' Motion for Judgment on the Pleadings is **GRANTED**, and judgment is entered in Respondents' favor. Further, Petitioner's Amended Petition for Review is **DISMISSED with PREJUDICE**.

_____
ROBERT SIMPSON, Judge