**COMMONWEALTH of Pennsylvania**

v.

**Ronald L. WILLIAMS, II, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 23, 2006.

Decided July 31, 2006.

Publication Ordered Oct. 19, 2006.

Ronald L. Williams, II, appellant, pro se.

Joshua Neiderhiser, York, for appellee.

BEFORE: COLINS, President Judge, and COHN JUBELIRER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY President Judge COLINS.

Ronald Williams II appeals the order of the Court of Common Pleas of York County denying his "petition for writ of mandamus" in which he sought the return of funds deducted from his inmate account for transportation costs associated with his criminal prosecution at CP–67–CR–4153–2001.

On June 17, 2002, Williams was sentenced in York County to 5 to 10 years in a state correctional institution for aggravated assault with a concurrent sentence of 1 to 2 years for simple assault plus unspecified costs and restitution. Williams filed a notice of appeal of his criminal conviction with Superior Court which affirmed the trial court.

On December 14, 2005, Williams filed with the trial court a petition for writ of mandamus, in which he alleged that in connection with his conviction for simple and aggravated assault, and related petitions/motions, the Clerk of Court of York County improperly assessed transportation costs as part of the cost of prosecution because transportation costs do not fall within the meaning of cost of prosecution as referenced in Section 9728 of the Sentencing Code and in Section 1403 of The County Code,[1] 16 P.S. § 1403, which imposes transportation costs on counties. Williams sought a refund of transportation costs deducted from his inmate account. According to the trial court docket entries, appellant's mandamus petition was docketed as a motion for modification of sentence, which it denied by order dated December 15, 2005.

In its opinion filed pursuant to Pa. R.A.P.1925(a), the trial court essentially states that it denied Williams's petition, without a hearing, based on its lack of jurisdiction to hear an inmate's request regarding deductions made by the Department of Corrections from his inmate account, and on the fact that Williams cannot procedurally file a writ of mandamus at his criminal number to address the issue of whether transportation costs can be assessed against him as part of the cost of prosecution.

Having reviewed the petition Williams filed in the trial court bearing the caption and docket number of his criminal case, the petition is primarily concerned with the Clerk of Court of York County having assessed transportation costs as part of the cost of prosecution imposed as part of his criminal sentence. Although as part of the petition Williams also alleges that the Department of Corrections had no authority to deduct funds from his inmate account, the Department of Corrections is not a party, and Williams's request for relief is that the Clerk of Court be directed to strike the transportation costs from the assessment of cost of prosecution and that any transportation costs already deducted from his account be refunded. *See Fordyce v. Clerk of Courts, Forest County,* 869 A.2d 1049 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 584 Pa. 710, 885 A.2d 44 (2005).

Williams is not challenging the trial court's imposition of costs as part of his sentence; rather, he is challenging the clerk of court's inclusion of transportation costs as part of the cost of prosecution. Costs must not be assessed except as authorized by law, and the Commonwealth

1. Act of August 9, 1955, P.L. 323, *as amended.*

bears the burden of justifying such costs by the preponderance of evidence. *Commonwealth v. Gill,* 288 Pa.Super. 538, 432 A.2d 1001 (1981). Such a challenge is properly brought in the sentencing court, *see Commonwealth v. Cutillo,* 294 Pa.Super. 560, 440 A.2d 607 (1982) (petition to reduce and remit costs of prosecution filed with sentencing court, challenging assessment of cost of guards during hospitalization as cost of prosecution); *Gill,* 288 Pa.Super. 538, 432 A.2d 1001 (1981) (remanded for hearing on defendant's exceptions filed with trial court to various assessments made by clerk of court as prosecution costs); *but see Commonwealth v. Larsen,* 452 Pa.Super. 508, 682 A.2d 783 (1996), *petition for allowance of appeal denied,* 547 Pa. 752, 692 A.2d 564 (1997) (defendant separately appealed assessment of costs to Superior Court); *Fordyce* (inmate filed mandamus against county clerk of court).

Accordingly, the trial court's order is vacated, and this matter is remanded for further proceedings consistent with this opinion.

### ORDER

AND NOW, this 31st day of July 2006, the order of the Court of Common Pleas of York County in the above-captioned matter is vacated, and this matter is remanded for proceedings consistent with this opinion.

Jurisdiction is relinquished.