**COMMONWEALTH of Pennsylvania**

**v.**

**Alexander MORALES–RIVERA, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 19, 2013.

Decided June 11, 2013.

---

Alexander Morales–Rivera, pro se.

Todd P. Kriner, Assistant District Attorney, Lancaster, for appellee.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and COLINS, Senior Judge.

OPINION BY Judge McGINLEY.

Alexander Morales–Rivera (Morales–Rivera) takes exception to the order of the Court of Common Pleas of Lancaster County (common pleas court) that denied Morales–Rivera's petition for a writ of mandamus.

On October 4, 2006, following a jury trial in the common pleas court, Morales–Rivera was convicted of rape of a child, indecent assault, and corruption of minors. On January 2, 2007, Morales–Rivera was sentenced to a term of fifteen to forty years and was directed to pay costs and make restitution. Morales–Rivera's post-trial motion was denied. Our Pennsylvania Superior Court affirmed. Morales–Rivera also sought relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. The common pleas court denied relief and the Superior Court affirmed.

Morales–Rivera became aware that he was assessed the costs of transporting him to court for the hearing on his PCRA petition. According to the Itemized Account of Fines, Costs, Fees, and Restitution, Morales–Rivera was assessed $4,353.91 for transportation costs.[1]

---

1. On January 11, 2007, the Clerk of Courts of Lancaster County submitted a copy of Morales–Rivera's outstanding balance to the State Correctional Institution at Camp Hill where Morales–Rivera was incarcerated at the time. The unpaid balance of $853.85 was subse-

On April 30, 2012, Morales–Rivera petitioned the common pleas court for a writ of mandamus and alleged:

4. Costs incurred by City to transport Petitioner [Morales–Rivera] to and from court does [sic] not fall within meaning of 'Costs of Prosecution' or 'Court Costs' as the term of County Code (Act 143 of 2006) for costs incurred by city for transporting Petitioner [Morales–Rivera] to and from judicial proceedings in this matter. Pursuant to costs to be paid by criminal defendants in sections of the Sentencing Code governing the collection of restitution.... (Citations omitted).

Writ of Mandamus, April 30, 2012, Paragraph No. 4 at 2.

Morales–Rivera requested the common pleas court to direct the clerk of courts to cease collections for costs associated with transportation, and to reimburse Morales–Rivera for monies deducted from his prison account in payment of said costs in the amount of $443.10.

 By order dated July 24, 2012, the common pleas court denied the petition for a writ of mandamus:

This Court based its decision on the merits. The Defendant [Morales–Rivera] cited *Fordyce v. Clerk of Courts,* 869 A.2d 1049 (Pa.Cmwlth.2005) for the proposition that transportation costs were not recoverable costs. This was correct at the time, but Act 2006–143 specifically amended 42 Pa.C.S..... 9728(g) to include transportation costs.

This act was effective November 9, 2006, and since he was sentenced on January 2, 2007 the statute was applicable to him.

Common Pleas Court Opinion, October 16, 2012, at 2.[2]

Initially, Morales–Rivera contends that the clerk of courts erred when he was assessed costs of transportation in connection with an evidentiary hearing related to his PCRA petition. Morales–Rivera argues that the clerk of courts erred when he applied Act 143 of 2006 to include sheriff's transportation costs.

Prior to the enactment of Act 143 of 2006, Section 9728(g) of the Sentencing Code, 42 Pa.C.S. § 9728(g), provided:

(g) **Costs, etc.**—Any sheriff's costs, filing fees and costs of the county probation department, clerk of courts or other appropriate governmental agency, including any reasonable administrative costs associated with the collection of restitution, shall be borne by the defendant and shall be collected by the county probation department or other appropriate governmental agency along with the total amount of the judgment and remitted to the appropriate agencies at the time of or prior to satisfaction of judgment.

In *Fordyce v. Clerk of Courts,* 869 A.2d 1049 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 584 Pa. 710, 885 A.2d 44 (2005), Donald Fordyce (Fordyce) had been convicted of indecent assault and cor-

---

quently deducted from his account. On April 30, 2010, Morales–Rivera filed a motion in the common pleas court and requested a hearing to determine his ability to pay court-ordered fines, costs, and restitution and to request the return of monies to his inmate account. The common pleas court dismissed the motion. This Court affirmed. *Morales–Rivera v. Aument,* 15 A.3d 562 (Pa.Cmwlth., No. 1029 C.D.2010, filed March 3, 2011).

**2.** This Court's scope of review of a decision to grant relief in a mandamus action is limited to a determination of whether the trial court abused its discretion or committed error in applying the law. *In re Subdivision of Marie Crowley Lands,* 736 A.2d 40 (Pa.Cmwlth. 1999).

ruption of minors, sentenced to serve a combined term of eighteen months to six years, and ordered to pay the costs of prosecution. The clerk of courts assessed costs against Fordyce and included $300.26, incurred by the sheriff to transport Fordyce from the Warren County prison to the district justice's office, and from the Warren County prison to the Forest County Courthouse for sentencing, and from the Warren County prison to the State Correctional Institution. *Fordyce,* 869 A.2d at 1050.

Fordyce petitioned for a writ of mandamus and sought an order that directed the clerk of courts to strike the transportation costs. The clerk of courts preliminarily objected in the nature of a demurrer on the basis that Fordyce failed to state a valid cause of action for the relief sought. The Court of Common Pleas of the 37th Judicial District, Forest County, sustained the preliminary objection. Fordyce appealed to the Pennsylvania Superior Court which transferred the case to this Court. *Fordyce,* 869 A.2d at 1050–1051.

This Court examined Section 1403 of the County Code[3], 16 P.S. § 1403, which states that the expenses of the district attorney in connection with the prosecution of a criminal defendant shall be considered part of the costs of the case and shall be paid by the convicted defendant, as well as Section 9728 of the Sentencing Code, and reversed:

It is clear that fines and costs imposed by a sentencing court constitute penal sanctions ... and that statutory provisions governing the imposition of the costs of prosecution must be strictly construed.... Under the rule of strict construction, the Court concludes that the transportation costs assessed against Fordyce do not fall within the meaning

of "costs of prosecution" as that term is referred to in Section 1403 of The County Code and in Section 9728(a) and (b) of the Sentencing Code. (Citations omitted).

*Fordyce,* 869 A.2d at 1053.

Subsequently, the General Assembly promulgated Act 143 of 2006 and amended Section 9728(g) of the Sentencing Code, 42 Pa.C.S. § 9728(g):

**(g) Costs, etc.**—Any sheriff's costs, filing fees and costs of the county probation department, clerk of courts or other appropriate governmental agency, including, *but not limited to,* any reasonable administrative costs associated with the collection of restitution, *transportation costs and other costs associated with the prosecution,* shall be borne by the defendant and shall be collected by the county probation department or other appropriate governmental agency along with the total amount of the judgment and remitted to the appropriate agencies at the time of or prior to satisfaction of judgment. (Changes in italics).

Morales–Rivera argues that the updated version of Section 9728(g) does not apply to him because its application must be considered ex post facto. The amended version of Section 9728(g) was enacted on November 9, 2006, effective immediately. Morales–Rivera was not sentenced until January 2, 2007, and as part of the sentence was ordered to pay costs. The transportation for his PCRA hearing occurred after that. Because the amended version of Section 9728(g) was in effect at the time of his sentencing, it applied to Morales–Rivera.

Morales–Rivera next contends that the common pleas court erred when it denied his petition for a writ of mandamus be-

3. Act of August 9, 1955, P.L. 323, *as amended.*

cause it failed to apply current case and statutory law.

 Mandamus is an extraordinary writ designed to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant and want of any other adequate and appropriate remedy. *Princeton Sportswear Corp. v. Redevelopment Authority*, 460 Pa. 274, 333 A.2d 473 (1975).

 Although Morales–Rivera argues that he has a right of access to the courts and that Section 9728(g) is not meant to serve as a deterrent to the filing of a PCRA petition, he fails to establish that he has a clear right to relief from the imposition of transportation costs for the PCRA hearing based on Section 9728(g), as those are authorized under Section 9728(g).

Morales–Rivera next contends that *Fordyce* still controls because it was cited in *Commonwealth v. Garzone*, 613 Pa. 481, 34 A.3d 67 (2012). While *Fordyce* is mentioned in *Garzone, Garzone* did not involve assessment of transportation costs. Instead, our Pennsylvania Supreme Court decided whether "a trial court may order a convicted offender to pay costs to the Commonwealth representing salaries for hours worked by assistant district attor-

neys ... and county detectives." *Garzone*, 613 Pa. at 483, 34 A.3d at 68. Though *Fordyce* was cited, there was no mention of Act 143 of 2006 which amended Section 9728(g).

 Finally, Morales–Rivera contends that the common pleas court abused its discretion when it assessed the sheriff's transportation costs as costs of prosecution. While Morales–Rivera mentions that the General Assembly has passed numerous statutes related to the issue of sheriff's transportation costs, he continues to ignore Section 9728(g) which explicitly states that transportation costs shall be borne by the defendant. This Court may not ignore the plain language of the statute.[4]

Accordingly, this Court affirms.

### ORDER

AND NOW, this 11th day of June, 2013, the order of the Court of Common Pleas of Lancaster County in the above-captioned matter is affirmed.

---

**4.** Morales–Rivera next contends that the common pleas court erred when it sustained the Clerk of Court's assessment of the sheriff's transportation costs by applying Act 143 of 2006 retroactively. Because this Court has already determined that the Act was not applied retroactively, this Court need not address this issue.