IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph P. Guarrasi,                          :
                        Petitioner            :
                                              :    No.  176 M.D. 2018
             v.                               :
                                              :    Submitted:  July 20, 2018
County of Bucks; Bucks County                 :
Sheriff's Department; Clerk of                :
Courts of Bucks County,                       :
                        Respondents           :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                    FILED:  September 14, 2018


           Before the Court in our original jurisdiction are the preliminary objections filed by the County of Bucks, Bucks County Sheriff's Department, and the Clerk of Courts of Bucks County (collectively, Respondents) to the petition for review (Petition) filed by Joseph P. Guarrasi (Petitioner).  Petitioner has filed preliminary objections to Respondents' preliminary objections.  We overrule Respondents' preliminary objections and dismiss Petitioner's objections as moot.

           On March 15, 2018, Petitioner, a former attorney, filed the Petition and averred as follows.  On March 28, 2005, upon entering guilty pleas to various crimes for orchestrating an insurance scam and arranging a contract killing (the murder did not occur) so that he could open a "Kama Sutra" sex club, a trial court sentenced

Petitioner to 6 and ½ to 15 years' imprisonment.[1]  Petitioner filed a petition under the Post Conviction Relief Act (PCRA)[2] on June 29, 2007, and the trial court granted him *in forma pauperis* (IFP) status per Pa.R.C.P. No. 240 for purposes of the PCRA proceedings.  The PCRA proceedings experienced delays and lasted from 2007 to 2015, and, during this time, Petitioner was transported from the prison to the courthouse on multiple occasions.  Subsequently, Respondent Sheriff's Department issued Petitioner bills reflecting transportation costs totaling $3,533.60 for 12 trips.  Petitioner inquired into the matter, and Respondent Clerk of Courts informed him that the fees were not imposed pursuant to a sentencing order, or any court order.  Instead, the costs were assessed under the "transportation costs" provision in section 9728(g) of the Sentencing Code,[3] which was enacted and became effective on November 9, 2006, after Petitioner's judgment of sentence.  Petitioner then contacted personnel from the trial court, who informed Petitioner that he could not challenge the transportation costs under the PCRA because any such petition could not meet an exception to the one-year limitations period.  (Pet. ¶¶5-25.)

---

[1] Petitioner does not include facts in the Petition related to his criminal conduct and sentence. These facts are taken from the decision of the Superior Court denying Petitioner post-conviction relief.  *See Commonwealth v. Guarrasi* (Pa. Super., No. 3514 EDA 2015, filed November 15, 2016) (unreported), slip op. at 1-2.

[2] 42 Pa.C.S. §§9541-9546.

[3] Amended by section 1 of the Act of November 9, 2006, P.L. 1352, 42 Pa.C.S. §9728(g) ("Any sheriff's costs, filing fees and costs of the county probation department, clerk of courts or other appropriate governmental agency, including, but not limited to, any reasonable administrative costs associated with the collection of restitution, *transportation costs* and other costs associated with the prosecution, shall be borne by the defendant and shall be collected by the county probation department or other appropriate governmental agency along with the total amount of the judgment and remitted to the appropriate agencies at the time of or prior to satisfaction of judgment.") (emphasis added).

Based on these averments, Petitioner asserts that the applicable portion of section 9728(g) of the Sentencing Code was enacted after he was sentenced and that there were no court orders authorizing the imposition of transportation costs in the interim; therefore, section 9728(g), as applied, constitutes an impermissible retroactive law under the *Ex Post Facto* Clause of the Pennsylvania Constitution.[4] Petitioner further contends, in the alternative, that the bills for transportation costs should be stricken because they run contrary to the IFP status he obtained during the PCRA proceeding and also equitable principles. For relief, Petitioner requests an order enjoining Respondents from collecting transportation costs incurred in connection with the PCRA proceedings, a declaration stating that section 9728(g) of the Sentencing Code violates the *Ex Post Facto* Clause, and an order that strikes and/or vacates the transportation costs as being imposed in contravention of the law. (Pet. ¶26, Wherefore Clause.)

On April 20, 2018, Respondent Clerk of Courts filed preliminary objections. Respondent Clerk of Courts argues that the Petition should be dismissed (1) for lack of subject matter jurisdiction because the matter falls under the PCRA and original jurisdiction under the PCRA resides in the court of common pleas, and (2) as barred by the statute of limitations because the costs were imposed for transportation services that occurred more than one year prior to the date on which the Petition was filed.

On June 1, 2018, Respondent Sheriff's Department filed preliminary objections. Respondent Sheriff's Department asserts that the Petition should be dismissed (1) under the governmental immunity provisions of sections 8541 and 8542

---

[4] Pa. Const. art. I, §17 ("No ex post facto law, nor any law impairing the obligation of contracts, or making irrevocable any grant of special privileges or immunities, shall be passed.").

of the Judicial Code,[5] (2) as barred by the statute of limitations, and (3) for failing to state a claim on the ground that Petitioner had received $35,000.00 from a settlement agreement with his malpractice insurance carrier, and Pa.R.C.P. No. 240(g)[6] authorized collection of the costs from this sum. With respect to the first preliminary objection, Respondent Sheriff's Department referenced and attached a copy of the transportation bills which itemize the expenses for 12 trips from January 2008 to October 2013. With respect to the third preliminary objection, Respondent Sheriff's Department referenced and attached a copy of Petitioner's civil complaint against an attorney and the settlement agreement.

With their preliminary objections, Respondents filed memoranda of law in support of their positions.

Petitioner, in turn, filed replies to Respondents' preliminary objections. On June 14, 2018, Petitioner filed preliminary objections to Respondents' preliminary objections. He filed a brief in support on June 20, 2018.

## Discussion

In ruling on preliminary objections, the Court must accept as true all well-pleaded material facts and all inferences reasonably deducible therefrom. *Barndt v. Pennsylvania Department of Corrections*, 902 A.2d 589, 592 (Pa. Cmwlth. 2006). However, the Court is not required to accept as true legal conclusions, unwarranted factual inferences, argumentative allegations, or expressions of opinion. *Armstrong*

---

[5] 42 Pa.C.S. §§8541-8542.

[6] Pa.R.C.P. No. 240(g) ("If there is a monetary recovery by judgment or settlement in favor of the party permitted to proceed [IFP], the exonerated fees and costs shall be taxed as costs and paid to the prothonotary by the party paying the monetary recovery. In no event shall the exonerated fees and costs be paid to the indigent party.").

*County Memorial Hospital v. Department of Public Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013) (en banc).

By way of background, the General Assembly amended section 9728 of the Sentencing Code in late 2006, apparently in response to *Fordyce v. Clerk of Courts*, 869 A.2d 1049 (Pa. Cmwlth. 2005), to expressly include "transportation costs" as a recoverable expense for the "costs of prosecution." *See* 42 Pa.C.S. §9728(g); *Commonwealth v. Morales-Rivera*, 67 A.3d 1290, 1292-94 (Pa. Cmwlth. 2013). In 2010, the General Assembly added sections to the Sentencing Code providing that a defendant is liable for all enumerated statutory costs, including transportation costs, and permitting the government to collect the costs, even in the absence of a court order imposing them upon a defendant. *See* 42 Pa.C.S. §9721(c.1),[7] *see also* 42 Pa.C.S. §9728(b.2).[8]

Here, Petitioner avers that Respondents have billed him for transportation costs, without an authorizing court order, pursuant to section 9728(g) of the Sentencing Code, and he correctly observes that this subsection of the statute was enacted subsequent to his judgment of sentence entered on March 25, 2005. On these facts, Petitioner has set forth a plausible claim that Respondents are attempting to utilize section 9728(g)—as well as section 9721(c.1)—retroactively and in a manner that runs

---

[7] Added by section 2 of the Act of October 27, 2010, P.L. 949 ("In the event the court fails to issue an order for costs pursuant to section 9728, costs shall be imposed upon the petitioner under this section. No court order shall be necessary for the petitioner to incur liability for costs under this section. The provisions of this subsection do not alter the court's discretion under Pa.R.Crim.P. [] 706(C) (relating to fines or costs).").

[8] Added by section 2 of the Act of October 27, 2010, P.L. 949 ("Notwithstanding any provision of law to the contrary, in the event the court fails to issue an order under subsection (a) imposing costs upon the defendant, the defendant shall nevertheless be liable for costs, as provided in section 9721(c.1) . . . . The absence of a court order shall not affect the applicability of the provisions of this section.").

afoul of the *Ex Post Facto* Clause. *See Commonwealth v. Allshouse*, 924 A.2d 1215, 1230 (Pa. Super. 2007), *aff'd*, 985 A.2d 847 (Pa. 2009) (addressing the issue of "whether the amended version of [section] 9728(g) can be applied retroactively to uphold the trial court's award of transportation costs" and concluding that the "penal statute" cannot be applied retroactively "as such application would constitute an *ex post facto* law."); *Rega v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 244 M.D. 2017, filed January 31, 2018) (unreported), slip op. at 7-8 ("Respondents cannot rely on Section 9721(c.1) to excuse the absence of a court order because such application would constitute an *ex post facto* law.").[9] That said, the Court addresses Respondents' preliminary objections in this order: lack of subject matter jurisdiction, governmental immunity, the statute of limitations, and, finally, Pa.R.C.P. No. 240(g).

### Subject Matter Jurisdiction

While the PCRA is designed to provide the exclusive remedy for those individuals who are "serving unlawful sentences," 42 Pa.C.S. §9542, the statutory scheme "contemplates only challenges to the propriety of a conviction or a sentence." *Commonwealth v. Masker*, 34 A.3d 841, 843 (Pa. Super. 2011) (en banc). In *Saxberg v. Pennsylvania Department of Corrections*, 42 A.3d 1210 (Pa. Cmwlth. 2012), an inmate filed a petition for review in this Court asserting that the trial court did not impose costs at the sentencing hearing or in its written sentencing order and contended that, without such an express directive, the defendant could not make deductions from his account under section 9728(b)(5) of the Sentencing Code. We concluded that the petition for review was "properly before us in our original jurisdiction" and rejected the defendant's argument that the action should have been commenced under the

---

[9] We cite *Rega* for its persuasive value. *See* Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

PCRA, reasoning that the petition did not constitute "an illegal or improper attack on the underlying sentencing order." *Saxberg*, 42 A.3d at 1212. Our holding in *Saxberg* is controlling, and we overrule Respondents' preliminary objection based on subject matter jurisdiction.

## Governmental Immunity

In the Petition, Petitioner does not request money damages or an order requiring governmental officials to perform an affirmative act, such as returning property or money. Rather, Petitioner seeks declaratory and injunctive relief for an alleged constitutional violation. Our courts have long held that governmental immunity cannot shield these types of claims. *See E-Z Parks Inc. v. Larson*, 498 A.2d 1364, 1370 (Pa. Cmwlth. 1985), *aff'd*, 503 A.2d 931 (Pa. 1986) (noting that "governmental immunity under Section 8541 of the Judicial Code extends only to liability for *damages*" and determining that immunity does not apply to other forms of equitable relief that do not request damages (emphasis in original)); *see also Wilkinsburg Police Officers Association v. Commonwealth of Pennsylvania*, 636 A.2d 134, 137 (Pa. 1993) (concluding that "sovereign immunity poses no bar to the [plaintiff's] prayer for injunctive relief" and the counts that "only seek a declaration that certain provisions of [a statute] are unconstitutional"); *R.H.S. v. Allegheny County Department of Human Services, Office of Mental Health*, 936 A.2d 1218, 1228 (Pa. Cmwlth. 2007) (holding that, notwithstanding governmental immunity, "[c]laims arising from violations of the Pennsylvania Constitution may still be raised against local governments"). We overrule Respondents' preliminary objection asserting the defense of governmental immunity.

7

**Statute of Limitations**

It is well-settled that "claims for equitable relief are not subject to statutes of limitations." *Lake v. Hankin Group*, 79 A.3d 748, 756 (Pa. Cmwlth. 2013); *see In re Estate of Moskowitz*, 115 A.3d 372, 379-80 (Pa. Super. 2015). Although declaratory judgment actions are generally subject to a four-year statute of limitations, in cases where payment is sought, the cause of action or "actual controversy" does not typically accrue or arise until the payment is either due or made. *See American Motorists Insurance Co. v. Farmers Bank and Trust Company of Hanover*, 644 A.2d 1232, 1235 (Pa. Super. 1994) (stating that a cause of action accrues "for each payment as it becomes due" and holding that the four-year statute of limitations for declaratory judgment actions "does not bar [the insured] from contesting its current and future obligations under the policy, as well as those payments which were made within the four years preceding" the petition for declaratory judgment); *see also Pennsylvania Turnpike Commission v. Atlantic Richfield Co.*, 375 A.2d 890, 892 (Pa. Cmwlth. 1977).

Pursuant to section 9728(b)(4) of the Sentencing Code, payments for costs are seemingly due when the amount has been "entered as a judgment upon the person or the property of the person." 42 Pa.C.S. §9728(b)(4). Under section 9728(b)(5), the costs can be deemed to be paid when the county correctional facility or Department of Corrections "make monetary deductions from inmate personal accounts." 42 Pa.C.S. §9728(b)(5). However, there is nothing in the parties' filings to suggest that the transportation costs were reduced to and indexed as a judgment or that deductions were made from Petitioner's inmate account. Moreover, the bills for transportation costs do not list a payment due date, and there are no factual averments to indicate whether Respondents have issued warnings and/or notices to Petitioner that they would pursue the entry of judgment or make deductions in the event the bills were not paid by a

8

certain date. Consequently, there exists issues of fact that must be resolved through further development of the record, and we overrule Respondents' preliminary objection claiming that the action is barred by the statute of limitations.

## Pa.R.C.P. No. 240

By its terms, Rule 240 governs IFP status in "all civil actions and proceedings except actions pursuant to the Protection from Abuse Act,[10]" Pa.R.C.P. No. 240(a), and permits a party to proceed IFP without having "to pay the costs of litigation." Pa.R.C.P. No. 240(b). If a party proceeding IFP settles the civil action, subsection (g) of the Rule allows reimbursement from the settlement funds only to cover "the exonerated fees and costs," Pa.R.C.P. No. 240(g), incurred in connection with the civil action. The Rule, however, does not provide an independent basis upon which to impose or collect transportation costs against a criminal defendant in PCRA proceedings, much less where no monetary settlement had occurred in those proceedings. Moreover, as mentioned above, Petitioner has pled a viable claim that section 9728(g) of the Sentencing Code—the sole statute authorizing the imposition of transportation costs—is unconstitutional as applied to his set of circumstances. Therefore, assuming that Petitioner had received money as a result of the settlement agreement, Respondents cannot employ Pa.R.C.P. No. 240(g) as the means by which to recoup transportation costs from the settlement fund when there may be no valid legal basis to charge Petitioner with those costs in the first instance. We overrule Respondents' preliminary objection based on Pa.R.C.P. No. 240(g).

---

[10] Act of October 7, 1976, PL 1090, No. 218, 35 P.S. §§10181-10190.

## Conclusion

Accordingly, we overrule Respondents' preliminary objections. Due to this resolution, we need not address Petitioner's preliminary objections to the preliminary objections and dismiss those objections as moot. Respondents shall file an answer(s) to the Petition within 30 days of this opinion and its accompanying order.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph P. Guarrasi,                            :
                        Petitioner              :
                                                :   No.  176 M.D. 2018
        v.                                      :
                                                :
County of Bucks; Bucks County                   :
Sheriff's Department; Clerk of                  :
Courts of Bucks County,                         :
                        Respondents             :


## *__ORDER__*


AND NOW, this 14th day of September, 2018, the preliminary objections filed by the County of Bucks, Bucks County Sheriff's Department, and the Clerk of Courts of Bucks County (collectively, Respondents) to the petition for review filed by Joseph P. Guarrasi (Petitioner) are OVERRULED.  The preliminary objections filed by Petitioner to Respondents' preliminary objections are DISMISSED as moot.  Respondents shall file an answer(s) within 30 days of this order.


_____
PATRICIA A. McCULLOUGH, Judge