J-S03005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL PAUL KIN | : | |
| | : | |
| Appellant | : | No. 2337 EDA 2022 |

Appeal from the Order Entered August 23, 2022
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000350-2017

BEFORE:  BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 21, 2023**

Michael Paul Kin appeals from the order that denied his petition seeking to have the transportation costs for his Post Conviction Relief Act ("PCRA") proceedings explained, reduced, or vacated entirely.  We affirm.

In 2018, Appellant pled guilty to crimes related to sexual abuse of a child and was sentenced to ten to twenty years of imprisonment plus fines, costs, and restitution.  Appellant paid the monetary portion of his sentence in full that year.  Appellant did not file a direct appeal, but filed a timely, counseled PCRA petition.

An evidentiary hearing on the PCRA petition was scheduled for December 20, 2019.  The trial court entered an order for Appellant to be released from the State Correctional Institution at ("SCI-Fayette") into the custody of the Pike County Sheriff's Department to be transported to the Pike

County Courthouse for the hearing, to be housed at the Pike County jail as necessary, and to be returned as soon as practicable after the hearing. **See** Order, 11/5/22. Accordingly, Appellant appeared at the December 20 hearing, where his witness offered some testimony in support of his claim, but counsel requested a continuance in order to obtain additional documents. **See** N.T. PCRA Hearing, 12/20/19, at 17. The PCRA court granted the request and continued the hearing until January 10, 2020. The court further indicated that Appellant was to

> be returned by the Pike County Sheriff's Office . . . to SCI–Waymart, and then where he is placed within the state system[, Appellant's counsel,] you could determine that, but the Sheriff's Office has indicated that it will make sure he will be transported from wherever he may be back for that hearing so we can conclude the hearing record on that day.

*Id*. at 18 (cleaned up).

On January 10, 2020, Appellant presented the remaining evidence in support of his PCRA claims. The PCRA court took the matter under advisement at the conclusion of the proceeding and ultimately entered an order denying the petition. On appeal, this Court affirmed the PCRA court's ruling. **See** **Commonwealth v. Kin**, 256 A.3d 14 (Pa.Super. 2021) (non-precedential decision).

At a time or times not apparent from the docket or certified record before us, the clerk of courts, in accordance with 42 Pa.C.S. § 9728(g), assessed Appellant $2,875.80 for the costs of transporting him to and from the PCRA hearings. On August 3, 2022, Appellant filed a *pro se* motion to

have the costs vacated, complaining that the negligence of his PCRA counsel was "to blame for the obsured [*sic*] costs." Motion, 8/3/22, at unnumbered 1. The court promptly denied the motion on procedural bases. ***See*** Order, 8/4/22.

On August 17, 2022, Appellant filed a new petition to have the costs vacated, complaining that the markedly dissimilar amounts for transporting him the same distance was unreasonable, that they were not all legitimately assessed to him because some were beyond his control as being the result of the lack of readiness of "the [c]ourt and the [c]ourt's officers," and that those costs were not "costs of prosecution" within the meaning of § 9728(g). ***See*** Petition, 8/17/22, at ¶¶ 4-9. Appellant requested "one or more" of the following:

a) That the cost of transportation in the total amount of $2875.80 be dismissed without payment.

b) That a detailed itemized statement of the amount owed to the Sheriff's Department for transportation be ordered to be presented to [Appellant] and the court.

c) That the cost of transportation by the Pike County Sheriff's Office be readjusted to a lower amount that meets the cost of actual transportation that falls within the range of the other 66 counties in the Commonwealth.

***Id***. at unnumbered 3 (unnecessary capitalization omitted).

The trial court denied Appellant's petition by order of August 23, 2022. Therein, the court specified that the authority upon which Appellant relied to support his claim that transportation costs were not costs of prosecution was

- 3 -

no longer good law. *See* Order, 8/23/22 (citing *Commonwealth v. Morales-Rivera*, 67 A.3d 1290, 1294 (Pa.Cmwlth. 2013) (holding that transportation costs for a PCRA hearing are authorized by § 9728(g)). However, in denying the petition, the trial court did not address Appellant's alternative requests for an itemized statement of the costs of transportation or an adjustment to reflect actual costs.

This timely appeal followed.[1] Appellant presents this Court with the following question:

---

[1] By order of September 12, 2022, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, but, although Appellant asserted in this Court that he timely complied with the order, no statement from Appellant was docketed or included in the certified record. The trial court suggests that Appellant's issues are therefore waived. *See* Trial Court Opinion, 11/2/22, at 3.

This Court will not find waiver pursuant to Rule 1925(b)(4)(vii) unless the trial court's Rule 1925(b) order complied strictly with the requirements of Pa.R.A.P. 1925(b)(3). *See*, *e.g.*, *Rahn v. Consol. Rail Corp.*, 254 A.3d 738, 745-46 (Pa.Super. 2021); *Boyle v. Main Line Health, Inc.*, 272 A.3d 466 (Pa.Super. 2022) (non-precedential decision at 11 n.8) ("It would be fundamentally unfair to require appellants to strictly comply with the requirements of Rule 1925, but not require the same diligence from the trial court requesting a Rule 1925(b) statement.").

Our review of the certified record reveals that the trial court's order failed to specify "that the Statement shall be served on the judge pursuant to paragraph (b)(1) and both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement." Pa.R.A.P. 1925(b)(3)(iii). Therefore, rather than remand for a determination of whether Appellant timely submitted a Rule 1925(b) statement to prison authorities for mailing, we proceed to the questions raised on appeal. *See* Pa.R.A.P. 1925(c)(1) ("An appellate court may remand in either a civil or criminal case for a determination as to whether a Statement had been filed

*(Footnote Continued Next Page)*

- 4 -

> Was the court in error for its denial of the Appellant's [petition] when it failed to address the issue[s] raised that the cost of the Sheriff's Department charged to the Appellant for transportation to and from court kept changing and were not consistent and that the court failed to request an itemized statement from the Sheriff's Department along with a reasoning for the ever changing cost of transportation?

Appellant's brief at 4 (some punctuation altered).

Before we consider the substance of Appellant's appeal, we must first determine whether we have jurisdiction to do so. Appellant identified the petition *sub judice* as one pursuant to the PCRA. **See** Appellant's brief at 3-4. The trial court construed it as one for a writ of mandamus. **See** Trial Court Opinion, 11/2/22, at 3. The question Appellant presents, namely the amount of costs assessed as a result of his conviction, is one that has in other cases been litigated as a challenge to the initial imposition of a judgment of sentence or through filing for a writ of mandamus seeking a refund of costs deducted from an inmate account. **See**, **e.g.**, **Commonwealth v. Williams**, 909 A.2d 419, 420 (Pa.Cmwlth. 2006) (appealing denial of petition for writ of mandamus seeking the return of transportation costs); **Commonwealth v. Gill**, 432 A.2d 1001, 1003 (Pa.Super. 1981) (reviewing challenge to the amount of costs on direct appeal from the judgment of sentence).

_____

and/or served or timely filed and/or served."); **Commonwealth v. DiClaudio**, 210 A.3d 1070, 1074 (Pa.Super. 2019) ("The prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." (cleaned up)).

In this appeal, however, Appellant is not seeking mandamus relief or challenging the legality of his judgment of sentence through the PCRA. *See* Appellant's brief at 7 (indicating expressly that Appellant is not challenging the collection of costs by the Department of Corrections or arguing that he is not required to pay reasonable costs for transportation). Rather, Appellant asked the trial court to modify the amount of costs of prosecution assessed after his judgment of sentence had become final upon the belief that the costs were unreasonable. In this context, where costs are added after the original sentence, we have viewed the imposition of costs not as a separate penalty to the defendant, but rather a statutorily-mandated incident of the underlying judgment. *See Commonwealth v. Bollinger*, 418 A.2d 320, 327 (Pa.Super. 1979); *Commonwealth v. Denson*, 40 A.2d 895, 896 (Pa.Super. 1945). It is further settled that "[n]on-punitive, administrative requirements [that] are merely collateral consequences of a criminal conviction" do "not fall within the purview of the PCRA." *Commonwealth v. Smith*, 240 A.3d 654, 658 (Pa.Super. 2020). Accordingly, we conclude that we have jurisdiction to consider the merits of Appellant's claims without considering the time-limitations of the PCRA.[2]

_____

[2] *See* 42 Pa.C.S. § 9545(b) (providing all PCRA petitions must be filed within one year of the judgment of sentence becoming final or establish a statutory exception).

We thus turn to the substance of this appeal, beginning with a review of the applicable legal principles. "The District Attorney must provide a defendant, who is charged with costs, a reasonably specific bill of costs and show how such costs were necessary to the prosecution." *Commonwealth v. Coder*, 415 A.2d 406, 410 (Pa. 1980). "Costs must not be assessed except as authorized by law, and the Commonwealth bears the burden of justifying such costs by the preponderance of evidence." *Commonwealth v. Williams*, 909 A.2d 419, 420–21 (Pa.Cmwlth. 2006).

Our legislature has authorized the assessment of costs in criminal cases as follows:

> Any sheriff's costs, filing fees and costs of the county probation department, clerk of courts or other appropriate governmental agency, including, but not limited to, any reasonable administrative costs associated with the collection of restitution, transportation costs and other costs associated with the prosecution, shall be borne by the defendant and shall be collected by the county probation department or other appropriate governmental agency along with the total amount of the judgment and remitted to the appropriate agencies at the time of or prior to satisfaction of judgment.

42 Pa.C.S. § 9728(g). These "costs associated with the prosecution" include post-conviction costs such as transportation for PCRA hearings. *See Morales-Rivera*, *supra* at 1294.

The trial court opined that, because § 9728(g) expressly permitted the assessment of the sheriff's transportation costs, the court properly denied Appellant's petition. *See* Trial Court Opinion, 11/2/22, at 4-5. Appellant concedes that the trial court correctly ruled that Appellant was responsible for

- 7 -

the transportation costs associated with his PCRA proceeding. *See* Appellant's brief at 6 ("[U]nder [the prevailing law," the[ trial court's] argument is correct. This argument is not being raised here").

However, Appellant notes that he also challenged in his petition "the multiple amounts of inconsistent charges for transportation to and from court by the Pike County Sheriff's Department forced upon the Appellant." *Id*. Specifically, Appellant asserts that the three trips produced the following inexplicably-inconsistent costs:

a)    Transported from SCI Fayette (Fayette County) to SCI Waymart (Pike County) by transport bus with other inmates.

Fayette County to Pike County: $ 168.26
Pike County to Fayette County: $ 60.34

b)    SCI Fayette (Fayette County) to SCI Waymart (Pike County) by Sheriff's Car, Hearing was postponed).

Fayette County to Pike County: $ 253.58
Pike County to Fayette County: $ 1,222.43

c)    SCI Fayette (Fayette County) to SCI Waymart (Pike County)

Fayette County to Pike County: $ 1,031.14
Pike County to Fayette County: $ 140.05

*Id*. Given these disparate amounts for the same route, Appellant argues "that the charges for transportation by the Pike County Sheriff's Department [are] not reasonable, not equal and way overboard, and do not meet the reasonableness of § 9728(g)." *Id*. at 7.

The trial court opinion does not acknowledge or address Appellant's challenge to the amount of the costs imposed or lack of explanation therefor.

Likewise, the Commonwealth ignores the arguments Appellant raises on appeal in favor of the issue that Appellant expressly has abandoned. *See* Commonwealth's brief at 3-4. Consequently, we are left without an explanation from the trial court to support a conclusion that Appellant received the reasonably itemized statement of assessable costs.

However, we need not remand for the trial court to take further action because we are able to discern the lack of merit of Appellant's claims from the record before us. *See Commonwealth v. Smith*, 17 A.3d 873, 884 (Pa. 2011) ("Where a petitioner has presented a claim to [a lower] court and that court has not addressed it, a remand is appropriate where the claim cannot be resolved on the record. Where, however, we may resolve the claim on the record, we will proceed to decide it."). As our following discussion details, it is plain from the certified record that Appellant's arguments misstate the of-record itemization of the costs incurred by the Sheriff's Office delineated in the inmate transfer cost forms filed by the Pike County Sheriff's Office.

For the first hearing on December 20, 2019, Appellant apparently was assessed no costs for the multi-inmate bus ride from SCI-Fayette to SCI-Waymart. He was assessed $168.26 for transportation from SCI-Waymart to the Pike County Jail on December 18, 2019, which included of three hours of pay for two deputies at $19.73 per hour per deputy, and $0.58 per mile for a total of eighty-six miles. *See* Inmate Transfer Cost Form, 12/20/19. Appellant also was assessed $60.34 for the two hours, one of which was

overtime for each, it took two deputies on December 20, 2019, to take him the thirty-six miles from the Pike County Jail to the hearing, and then $253.58 for two deputies to take him the ninety-seven miles from the Pike County Courthouse back to SCI-Waymart. *See* Inmate Transfer Cost Forms, 1/15/20 (docket entries 47 and 48). It appears that Appellant was then not charged with any costs for the transport from SCI-Waymart to SCI-Fayette.

On January 8 and 9, 2020, two deputies drove from Pike County to Fayette County, spent $104.34 on lodging and $79.42 on meals, and drove Appellant from SCI-Fayette to the Pike County Jail, logging 777 miles at $0.575 per mile and fifteen hours for each deputy, still at $19.73 per hour, for a grand total of $1,222.43. *See* Inmate Transfer Cost Form, 1/17/20 (docket entry 51). On the day of the hearing, two deputies spent a total time of two and one-half hours on the seventy-two-mile round trip from the jail to the courthouse for a total cost of $140.05. *See* Inmate Transfer Cost Form, 1/17/20 (docket entry 49).

Finally, after the hearing, two deputies were on the clock for a total of twelve hours for driving Appellant from the Pike County Jail back to SCI-Fayette on January 14, 2020, spending $106.56 and $38.59, respectively on lodging and meals, then returning the following day to Pike County, a round trip of 762 miles. *See* Inmate Transfer Cost Form, 1/17/20 (docket entry 50). The total assessment for these costs, charged at the same rates as the January 8-9, 2020 trip, was $1,031.14. *Id*.

Hence, the record in this case available to Appellant contains a detailed explanation for the $2,875.80 that he was assessed for the transportation costs necessitated by his PCRA hearings, costs that he concedes are taxable to him pursuant to § 9728(g). Further, the stark contrast in costs between the first hearing and the second one plainly resulted from the fact that the Pike County Sheriff's Office did not have to transport him from Fayette County to Pike County, or return him to Fayette County, for the first PCRA hearing. Finally, we discern nothing "overboard" about the amount of the costs assessed. **Accord Morales-Rivera**, **supra** at 1294 (affirming denial of challenge to $4,353.91 for transportation costs in connection with PCRA hearing).

Therefore, because Appellant has not demonstrated that he was denied a properly itemized bill of the transportation costs or that the costs were not necessary, we have no cause to disturb the trial court's order denying his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2023

- 11 -